THE BEST BREWING COMPANY OF CHICAGO

*v.*

PATRICK DUNLEVY.

*Filed at Ottawa May 15, 1895—Rehearing denied October 16, 1895.*

1. APPEALS AND ERRORS—*proof may render bad instruction harmless.* An instruction allowing damages for prospective suffering and loss of health, under a declaration which does not claim for permanent injury, will not reverse, on appeal, where the injury proved, up to commencement of suit, fully justifies the damages awarded.

2. INSTRUCTIONS—*not error to refuse proposition elsewhere given.* Refusal of a proper instruction that only compensatory damages can be recovered is not prejudicial, where, by another instruction given, the measure of damages was so restricted.

*Best Brewing Co. of Chicago* v. *Dunlevy*, 57 Ill. App. 96, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JAMES GOGGIN, Judge, presiding.

BLUM & BLUM, for appellant.

JOHN F. WATERS, for appellee.

Mr. JUSTICE BAILEY delivered the opinion of the court:

This was an action on the case, brought by Patrick Dunlevy, against the Best Brewing Company of Chicago, to recover damages for a personal injury. It appears that the plaintiff, at the time of his injury, was a passenger on a cable car on one of the streets of Chicago, and that a team of horses belonging to the defendant, attached to one of their beer wagons, was standing, unhitched and unattended, on one side of the street. As the car approached the team the latter became frightened and turned suddenly, so as to thrust the pole of the wagon into the open car on which the plaintiff was riding, striking him on the knee, and severely injuring him. A trial was had on a plea of not guilty, resulting in a verdict and judgment in favor of the plaintiff for $1000. That judgment has been affirmed by the Appellate Court on appeal, and the record is now brought here on appeal from that court.

The counsel for the appellant state in their brief that the only questions they desire to present to this court relate to the giving of the only instruction asked by the appellee, and to the refusal of the court to give the seventh instruction asked on behalf of the appellant. The instruction given for the appellee is as follows:

"If you find for plaintiff, you will be required to determine the amount of his damage. In determining the amount of damages the plaintiff is entitled to recover in this case, if any, the jury have a right to, and they should, take into consideration all the facts and circumstances before them, the nature and extent of plaintiff's physical injuries, if any, testified about by the witnesses in this case, his suffering in body and mind, if any, resulting from such injuries, and also such prospective suffering and loss of health, if any, as the jury may believe, from all the evi-

dence before them in this case, he has sustained or will sustain by reason of such injury, his loss of time and services, and inability to work and earn a living for himself, resulting from such injuries, and may find for him such sum as in the judgment of the jury, under the evidence, will be a compensation for the injuries."

The only criticism made upon this instruction is that it allows damages "for prospective suffering and loss of health," while the declaration fails to make claim as for a permanent injury. The declaration alleges a severe injury, continuing in its effects up to the time that pleading was filed, and the evidence seems to support those allegations. But we are of the opinion, as was the Appellate Court, that even if the instruction is obnoxious to the criticism made, the jury could not have been misled by it, as the evidence of the plaintiff's injuries up to the time of the commencement of the suit seems to fully justify the damages awarded him, without any reference to any prospective suffering or loss of health.

The appellant's seventh instruction, which was refused, was merely to the point that the case was not one for the imposition of punitive or vindictive damages, and that only compensatory damages could be recovered. In another instruction given for the appellant it was held that the measure of damages which the plaintiff would be entitled to recover in case of a verdict in his favor would be compensation for his actual injuries, as shown by the evidence. That instruction being given, the one refused was wholly unnecessary, and its refusal was not prejudicial to the appellant.

We find no prejudicial error in the ruling of the court upon the instructions, and the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*