**W. Evert Campbell, Plaintiff-Appellee, v. Russel J. Ragel, Defendant-Appellant.**

**Term No. 55–M–17.**

Fourth District.

October 3, 1955.

Released for publication November 8, 1955.

Albert & McLaughlin, and Will P. Welker, both of Vandalia, for defendant-appellant.

W. F. Sonnemann, and Robert G. Burnside, both of Vandalia, for plaintiff-appellee.

MR. JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from the judgment of the Circuit Court of Fayette County entered in favor of plaintiff on a verdict of a jury in the sum of $19,635.

The plaintiff, W. Evert Campbell, brought an action to recover for personal injuries and damage to his automobile, against defendant Russel J. Ragel, by reason of damage and injuries sustained in a collision at a right-angle intersection of two rural gravel highways. There were no stop signs or warning signs posted on either of said roads. The collision occurred about 8:00 o'clock in the morning, on November 29, 1952. Each of the drivers was alone in the vehicle in which he was riding. There were no eyewitnesses in the immediate vicinity of the intersection, except plaintiff and defendant. As a result of the accident plaintiff was rendered unconscious and suffered a dislocation of his second cervical vertebra, and recalls neither the collision nor the facts immediately prior thereto. A physician substantiated that such retrograde amnesia is not unusual in view of the nature of plaintiff's injuries.

A witness who was at a distance of about a quarter of mile from the scene of the accident stated that he saw the two cars approaching each other along the intersecting roads but had no judgment as to the speed of either vehicle. He testified that plaintiff's car

reached the intersection first. It was a nonpreferential intersection in the sense that there were no stop signs, etc., and plaintiff entered from the right of defendant's car. Defendant's testimony verified the fact that when he first saw plaintiff's car it was in the intersection ahead of him. On appeal in this Court it is principally contended that the record fails to show by direct or circumstantial evidence that plaintiff was in the exercise of due care and caution and that, accordingly, the Court should have granted the motions of defendant for directed verdict or for judgment notwithstanding the verdict.

██ Contributory negligence is ordinarily a question of fact for a jury to decide under proper instruction, and becomes a question of law only when the evidence is so insufficient to establish due care that all reasonable minds must reach the conclusion that the facts do not establish due care and caution on part of the individual of whom such due care is required (McManaman v. Johns-Manville Products Corp., 400 Ill. 423, 430; Ziraldo v. W. J. Lynch Co., 365 Ill. 197, 199). We should note that in the case before us the plaintiff's vehicle approaching from the right had the right-of-way over defendant's vehicle approaching the same intersection from the left (1953 Illinois Revised Statutes, Chapter 95½, Paragraph 165 [Jones Ill. Stats. Ann. 85.197]).

██ The basic question for consideration is whether the due care of plaintiff may be established by circumstantial evidence, in view of the circumstance that plaintiff suffered the amnesia involved by reason of the accident. In death cases the presumption is that a man will obey the natural human instincts prompting the preservation of life and avoidance of danger (Illinois Cent. R. Co. v. Nowicki, 148 Ill. 29, 34–35). The Courts in considering this principle have reiterated that since it was not possible to obtain direct and positive testimony as to what the deceased was doing at

304

the instant he received the injury causing his death, the law requires only the highest proof of which the particular case is susceptible, and that a jury could take into consideration, with other facts, the instincts and presumptions which naturally lead men to avoid injury and preserve their own lives. In the case before us the plaintiff is still alive but is completely unable to assist the Court and jury in determining what was done immediately prior to the accident. The highest proof of which the case is susceptible has been presented through the testimony of the defendant and the other distant witness. Direct and positive testimony on the question of due care under the circumstances was as unavailable as it is in death cases (Ruspantini v. Steffek, 414 Ill. 70). A showing of all the facts and circumstances, including the testimony of the only eyewitness able to recall what had occurred, was sufficient to justify the inference that plaintiff was in the exercise of due care. It would be a strange miscarriage of justice to adopt an interpretation which would prevent plaintiff from recovering by reason of amnesia resulting from the accident simply because he did not die but survived the accident and is now unable to recall any of the facts preceding the collision by reason of such injuries.

██ There was ample evidence upon which the jury could conclude that defendant was negligent in failing to allow the right-of-way to plaintiff who had first entered the intersection (Thomas v. Buchanan, 357 Ill. 270, 277; Citizens Nat. Bank of Decatur v. Doran, 3 Ill.App.2d 383, 389). In the case of Citizens Nat. Bank of Decatur v. Doran, supra, plaintiff was unable to testify in his own behalf because of a mental disability. The Appellate Court in that case stated that while the plaintiff was not relieved from the exercise of due care and caution, he had a right to assume that a defendant approaching on another street would give the car having the right-of-way preference over that of defend-

ant's automobile. Under the facts before us we believe the Court properly submitted the questions of contributory negligence of plaintiff and negligence of defendant to the jury for the determination of the jury.

Defendant also complains that the Court below committed reversible error in giving an instruction in behalf of plaintiff, directing the jury that plaintiff could recover for future loss of service and future pain and suffering, which elements defendant states were not embraced in the complaint. The only charge in the complaint to which such elements could be referable would be the allegation that plaintiff received permanent injuries, causing pain, and that plaintiff in the future would be required to expend additional sums for medical care and treatment. We do not believe under the facts before us that the jury could have been misled by the instruction as the evidence of plaintiff's injuries justified the damages awarded him, without referring to any future loss of earnings or inability to work, or future suffering (Best Brewing Co. v. Dunlevy, 157 Ill. 141). Other errors in instructions are also referred to in the brief of defendant on appeal in this cause. We do not believe it is necessary or desirable to treat such points at length but simply to refer again to a doctrine enunciated in our Courts that, unless it appears that the rights of the complaining party have in some way been prejudiced by the giving or failure to give instructions, the case will not be reversed on such ground alone (Kavanaugh v. Washburn, 320 Ill. App. 250, 255; Bateman v. Bateman, 337 Ill. App. 7, 17).

On a review of the entire record we must, therefore, conclude that the judgment of the Circuit Court of Fayette County was proper and should be affirmed.

Affirmed.

BARDENS, P. J. and SCHEINEMAN, J., concur.