Max **FOOTLIK**, Plaintiff-Appellant,

v.

**UNITED STATES of America,**
Defendant-Appellee.

No. 14137.

United States Court of Appeals
Seventh Circuit.

Oct. 11, 1963.

Leo S. Karlin, Chase & Werner and Allen Hartman, Chicago, Ill., for appellant.

James P. O'Brien, U. S. Atty., Barry J. Freeman, Asst. U. S. Atty., Chicago, Ill., John Peter Lulinski, John Powers Crowley, Asst. U. S. Attys., of counsel, for appellee.

Before HASTINGS, Chief Judge, and DUFFY and KILEY, Circuit Judges.

KILEY, Circuit Judge.

This is an appeal by plaintiff from an adverse judgment in his personal injury action against the United States under the Federal Torts Claim Act.[1]

Plaintiff was struck and injured at nighttime by a United States mail car while crossing Granville Avenue in Chicago, not at a crosswalk, at a point approximately one hundred feet west of Damen Avenue. The trial court found the driver of the mail car negligent, but further found that plaintiff was guilty of negligence which proximately caused his injuries. Judgment for defendant followed.

We see no merit in plaintiff's contention that the District Court erroneously applied Illinois law and found that plaintiff was guilty of contributory negligence as a matter of law because he did not stop at the center of Granville Avenue, under the circumstances then facing him, and look both ways. We think the court's decision was on a fact question.

The District Court, in its opinion,[2] discussed the Illinois statute[3] applicable to the duties of pedestrians crossing a roadway "other than within a marked crosswalk," and Illinois cases dealing with the duties of such a pedestrian.[4] The court did state there was "no evidence" of plaintiff's due care, but nevertheless stated: "In light of all the facts in this case, even viewed most favorably to the plaintiff, the court finds that the

1. 28 U.S.C. § 1346(b).

2. Sufficient under Rule 52(a), Fed.R.Civ. P.

3. Ill.Rev.Stat., ch. 95½, § 172 (1961).

4. Ledferd v. Reardon, 303 Ill.App. 300, 25 N.E.2d 116 (1940), Soic v. Richardson, 315 Ill.App. 213, 42 N.E.2d 884 (1942).

plaintiff has not met his burden of proof of showing by the preponderance of evidence that he was free from contributory negligence." In favor of the District Court's judgment we presume the court's discussion, relied upon by plaintiff to show the court's decision was one of law, was to strengthen his decisive finding of fact.[5]

Thus the vital issue is whether the decisive finding of fact is "clearly erroneous."

There is testimony that plaintiff parked his car on the north side of Granville Avenue, a two-lane street well lighted from curb to curb; that he stopped in front of his car, saw no traffic approaching on his side in the westbound lane, but saw the lights of the mail car approaching about a block away in the eastbound lane; that the mail car was traveling at a lawful rate of speed; that plaintiff took "some steps" to cross the street at a slight diagonal toward the oncoming car and remembered no more; that neither the driver of the mail car nor a driver of a car two hundred feet behind it saw plaintiff until just before the accident; and that when plaintiff was struck by the mail car he was three-quarters of the way across Granville Avenue.

 We think there is substantial evidence to support the finding made by the court that plaintiff ought to have looked again at the oncoming mail car before walking into the eastbound lane, since there was no "urgency" for crossing and no traffic was coming in the westbound lane; and that he did not "look again," for if he had he would not have walked into the eastbound lane.

All the "facts and circumstances" and the natural tendency of man to avoid injury were held, in Campbell v. Ragel, 7 Ill.App.2d 301, 129 N.E.2d 451 (1955), to justify the inference that an "amnestic plaintiff" there was in the exercise of due care. We cannot say that the District Court in the case at bar was clearly in error in inferring that the unfortunately "amnestic plaintiff" here was not in the exercise of due care, nor that the court disregarded the natural inclination toward self-preservation in making its finding.

The finding is not "clearly erroneous." And we have no "definite and firm conviction that a mistake has been committed." McAllister v. United States, 348 U.S. 19, 20, 75 S.Ct. 6, 7, 99 L.Ed. 20 (1954).

Plaintiff also claims error in the District Court's refusal to grant a partial new trial to permit him to introduce evidence of his habits of, and reputation for, care in his conduct as a pedestrian. This evidence was not offered during the trial. We are unable to see an abuse of the trial court's discretion, and find no error in the ruling.

Judgment affirmed.

---

5. The court after the finding said: "In a fact situation very similar to the case at bar, a plaintiff was held to be guilty of contributory negligence as a matter of law," and cited Soic v. Richardson, supra.