Eugene H. Garofalo and Emma V. Garofalo, His Wife, Plaintiffs-Appellants, v. General Motors Corporation, a Delaware Corporation, Authorized t/d/b in the State of Illinois, and Larry Faul Oldsmobile Company, an Illinois Corporation, Defendants-Appellees, Rossetti Contracting Company, Inc., an Illinois Corporation, Defendant.

Gen. No. 52,411.

First District, Second Division.

December 17, 1968.

Salvatore E. Oddo, of Chicago, for appellants.

McKenna, Storer, Rowe, White & Haskell, of Chicago (Donald M. Haskell, of counsel), and Baker & McKenzie, of Chicago (Francis D. Morrissey, Thomas R. Nelson, and William Joseph Linklater, of counsel), for appellees.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

This was an action to recover damages for personal injuries sustained by Eugene Garofalo when the automobile he was operating left the highway after he was allegedly rendered unconscious due to a defect in the exhaust system or the fuel intake system of the vehicle. On motion of defendants-appellees the trial court struck the answers to certain interrogatories propounded by one of the defendants-appellees, struck the amended complaint, and dismissed the action as to both defendants-

appellees. Plaintiffs maintain that the answers to the interrogatories in question and the information contained in the amended complaint sufficiently and reasonably informed defendants-appellees of the matters they were called upon to meet.

The original complaint, consisting of seven counts, was filed on September 27, 1963, and alleged that on August 19, 1961, Eugene Garofalo purchased a new Oldsmobile automobile from Larry Faul Oldsmobile Company, the same having been manufactured by the General Motors Corporation. The complaint further alleged that Eugene Garofalo was operating the vehicle at approximately 3:00 a. m. on the morning of October 7, 1961, when he was rendered unconscious by carbon monoxide or gasoline fumes caused by a defect in the automobile. The vehicle left the road, struck a ditch and overturned, causing the injuries complained of. It was further alleged that Eugene Garofalo had made complaint on several occasions prior to the mishap to representatives of Faul Oldsmobile of the presence of the fumes inside the vehicle and that employees of Faul Oldsmobile were instructed to locate the source of the fumes. Garofalo's wife, Emma, joined in the complaint for loss of consortium.

The original complaint named as defendants the General Motors Corporation and Larry Faul Oldsmobile Company (hereinafter referred to as "defendants"), and a construction firm which was in the process of making highway repairs at the place where the mishap occurred. On motions of General Motors and Faul Oldsmobile, several of the counts of the original complaint were stricken on February 19, 1964, and plaintiffs were given 45 days within which to file an amended complaint. No amended complaint was filed within the time prescribed in the order and on August 25, 1964, the trial court entered an order requiring plaintiffs to file an amended complaint within 30 days. On November 23, 1964, on mo-

tion of General Motors, the action was dismissed as to that defendant for plaintiffs' failure to comply with the order of August 25th. It should also be noted that interrogatories served upon plaintiffs in January 1964 by Faul Oldsmobile went unanswered.

On December 7, 1964, General Motors filed a motion that the order of dismissal of November 23rd be vacated. Four days later, by leave of court, plaintiffs filed their amended complaint, consisting of three counts, against the three defendants named in the original complaint, to which all three defendants filed answers. The construction firm filed a motion for summary judgment, accompanied by affidavits, in March 1965 and plaintiffs were ordered to file counteraffidavits within 30 days. Hearing on the motion for summary judgment was continued from time to time and plaintiffs were again ordered to file counteraffidavits within 30 days from date, which they again failed to do. On September 9, 1965, the trial court granted the construction firm's motion for summary judgment after plaintiffs failed to file any pleadings, affidavits, or other matters in connection therewith.

A notice to admit facts, among which was that plaintiffs had no knowledge of the specific defect which caused the condition in the Garofalo automobile complained of, was served upon plaintiffs by General Motors on February 16, 1965; plaintiffs filed no response thereto.

In addition to the aforementioned notice to admit facts, plaintiffs were also served with the interrogatories in question requesting, among other information, the specific defect in the Garofalo automobile which was the cause of the condition complained of. Ten months later, in December 1965, a motion was filed by General Motors, which was later joined in by Faul Oldsmobile, to strike the amended complaint for failure of plaintiffs to answer the interrogatories. The trial court, however, entered an order requiring, inter alia, plaintiffs to file answers to the

interrogatories within 30 days from date. On March 14, 1966, on motion of General Motors, the trial court struck the amended complaint and dismissed the action as to General Motors for the reason that plaintiffs failed to answer the interrogatories as previously ordered. The trial court vacated the March 14th order on April 12, 1966, on motion of plaintiffs, and allowed plaintiffs to file their answers to the interrogatories instanter.

In response to the interrogatories relating to the specific defect in the Garofalo vehicle which caused the condition complained of, plaintiffs submitted such answers as: "gasoline—gasoline fumes smell in the inside of vehicle," "seepage of gasoline fumes in the inside of vehicle," "res ipsa loquitur—smell and fumes of gasoline in the inside of vehicle," and the like. General Motors filed a motion to strike such answers to the interrogatories on the ground that they were unresponsive and evasive. Hearing on the motion to strike was continued from time to time and on August 1, 1966, plaintiffs were allowed 60 days within which to file supplemental answers to the interrogatories in question, which were filed on October 25, 1966.

The supplemental answers were again objected to by defendants as unresponsive and providing no more information than did the answers originally filed. The defendants' accompanying motion to strike the supplemental answers and to dismiss the action was denied and defendants were given leave to file additional interrogatories. Plaintiffs were ordered to file answers to the additional interrogatories within 30 days of service of them on plaintiffs.

The additional interrogatories were served upon plaintiffs on January 10, 1967, again requesting plaintiffs to state the specific defect in the Garofalo automobile which was the cause of the condition of which they complained. The additional interrogatories went unanswered, and defendants filed a motion on March 27, 1967, requesting

the trial court to dismiss the amended complaint for plaintiffs' failure to file answers to the additional interrogatories as ordered by the court. Although not appearing in the common-law record, plaintiffs apparently thereafter filed answers to the additional interrogatories. Defendants again filed a motion to strike certain of the answers to the additional interrogatories, among which were again the answers pertaining to the specific defect, as being unresponsive and as giving no more information than did the prior answers which were objected to. Defendants also moved for a dismissal of the action. The trial court allowed the motion, struck the answers to the designated interrogatories, struck the amended complaint and dismissed the action as to all parties.

 The unreasonable failure to comply with the rules and orders regarding pretrial discovery may result in the imposition of sanctions by the trial court against the party at fault. Illinois Supreme Court Rule 219. The sanction imposed rests largely within the sound discretion of the trial court; the court may enter such orders as are just, including the striking of any portion of the pleadings of the party at fault relating to matters at which the discovery is directed with which the party has failed to comply, and a consequent dismissal of the action. Payne v. Payne, 31 Ill App2d 141, 175 NE2d 614; Granger v. Turley, 20 Ill App2d 488; Illinois Supreme Court Rule 219(c). A review of the record reveals no abuse of discretion by the trial court in striking answers in question and the amended complaint, and in dismissing the action.

██ ██ Plaintiffs' answers to the interrogatories in question were unresponsive and evasive. An automobile may leave a highway for any number of reasons, such as drowsiness or intoxication on the part of the driver, a defect in the roadway, excessive speed, and the like. The facts in this case do not permit the application of the doctrine of res ipsa loquitur in that a defect in the vehicle

is not the sole circumstance which could have rendered Eugene Garofalo unconscious, nor is it the sole reason the vehicle could have left the highway. (See Shramek v. General Motors Corp., 69 Ill App2d 72, 216 NE2d 244.) It was therefore incumbent upon plaintiffs to designate the specific defect in the automobile which caused the condition, rather than describing the defect in terms of the condition it allegedly created, namely, gasoline fumes inside the vehicle.

The complaint was filed nearly two years after the mishap, and the first interrogatories pertaining to the specific defect were filed over three years after the mishap. What became of the automobile after the accident does not appear of record; whether plaintiffs are able to designate a specific defect in the vehicle is open to conjecture. It should be noted that, for purposes of this appeal, plaintiffs admitted they knew of no such specific defect by their failure to respond to the notice to admit facts filed by one of the defendants, which included the admission that plaintiffs had no such knowledge. Illinois Supreme Court Rule 216(c). The unresponsive answers to the interrogatories in question bear this out.

For these reasons the judgment is affirmed.

Judgment affirmed.

McNAMARA and SCHWARTZ, JJ., concur.