WESTERN ELECTRIC COMPANY, INC., Plaintiff-Appellant, *v.* BAUER BROTHERS CONSTRUCTION COMPANY, INC. *et al.*, Defendants-Appellees.

(No. 69-128; 

Fifth District—March 26, 1971.

Hillebrand & Cook, of East St. Louis, (Robert J. Hillebrand, of counsel,) for appellant.

Pope and Driemeyer, of East St. Louis, and Sprague, Sprague and LeChien, of Belleville, (Robert J. Sprague, of counsel,) for appellees.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Plaintiff Western Electric Company brought this action to recover damages caused by alleged negligence of defendants in moving a diesel alternator owned by Southwestern Bell Telephone Company. At the close of plaintiff's evidence, the trial court directed a verdict against the plaintiff and in favor of both defendants and plaintiff appealed.

The evidence discloses that arrangements were made by Western Electric Company to have the defendant Belleville Moving & Storage deliver a diesel alternator to the basement of the Southwestern Bell Telephone Company building in Belleville, Illinois. A truck-crane owned and operated by Bauer Brothers Construction Company was used to move the alternator.

The alternator was placed on the ground and a sling was arranged with cables so that the alternator could be lowered into the basement. One long cable was attached to one end and a short cable to the other so that it could be lowered into the basement at about a sixty-degree angle. However, the difference in the length of the cables was so great that when the truck crane lifted the alternator, it tipped onto the face of the control panel causing the alleged damage. No employee of the plaintiff assisted in the slinging or hoisting operations.

Plaintiff's complaint alleged that Southwestern Bell Telephone Company was the owner of the damaged alternator and that plaintiff was bringing this action as agent for Southwestern Bell pursuant to a power of attorney granted by Southwestern Bell. The reason assigned by the trial court for directing the verdict in favor of the defendants was that plaintiff failed to adduce evidence that Southwestern Bell was the owner of the alternator and that plaintiff failed to prove damages.

■■ Plaintiff attempted to prove ownership and damages through plaintiff's exhibit No. 3 identified by Mr. Hubert Ahsmus, department chief in the estimating and cost control department of Western Electric, as an audit copy of an interhouse bill which showed that Southwestern Bell paid Western Electric $23,118.06 for the alternator and also paid to Western Electric $5,207.40 for repairs and transportation necessary to repair the damage caused to the alternator. Plaintiff attempted to admit this document as a business record pursuant to Ill. Rev. Stat. 1969, ch. 110A, par. 236(a). Defendants objected that plaintiff had failed to lay an adequate foundation for the entry of this document and the trial court sustained the objection. The witness testified that to his knowledge it was a record of the company and he recognized the signature of J. E. Barrett on the document, who is the supervisor of the claims department. The witness was personally familiar with part of the figures in the document but testified that he had never seen a document exactly like it before and did not establish that it was a document kept in the regular course of plaintiff's business. Therefore, we believe the ruling of the trial court on this exhibit was proper. *Hagens v. Ellerman and Bucknell Steamship Co.*, 318 F.2d 563.

On the following day plaintiff's attorney produced Mr. J. E. Barrett to testify concerning damages and ownership. Defendant objected on the grounds that interrogatories were propounded to plaintiff requesting the names and addresses of all material witnesses; that damages are of primary issue in the case; that the witness was an employee at the time the interrogatories were propounded; that defendants would have no opportunity to adequately prepare their case; that therefore bringing this witness constituted surprise and the witness should be barred from testifying con-

cerning the damages or ownership issues pursuant to Supreme Court Rule 219 (c) iv (Ill. Rev. Stat. 1969, ch. 110A, par. 219(c) (4).

Plaintiff responded that defendants could have an opportunity to interview the witness to determine what his testimony would be; that this was not an effort on its part to bring a surprise witness and was brought upon by the failure of testimony of the witness Ahsmus to lay a foundation for plaintiff's exhibit No. 3 showing damages; that he was not trying to elicit any testimony from Barrett that he did not attempt to elicit from Ahsmus; that Ahsmus's name had been provided in the answers to defendant's interrogatories and that defendants had not sought any discovery from that witness as to damages and therefore they cannot claim surprise based on their inability to obtain discovery from Mr. Barrett, and that the trial court had a broad discretion in whether to impose a sanction for failure to comply with discovery rules pursuant to Supreme Court Rule 219(c).

The trial court indicated that it would be unreasonable to ask a plaintiff as large as Western Electric to list all employees who might testify for them regarding an incident and that defendants were not prepared to rebut damages even if they had been proven through the testimony of Ahsmus, but that the copy of plaintiff's exhibit No. 3 sent to defendants pursuant to interrogatories did not contain Mr. Barrett's signature. The trial court sustained defendants' objection and Mr. Barrett was barred from testifying.

Plaintiff made an offer of proof by Mr. John E. Barrett in chambers that he was employed by Western Electric at the Hawthorne Plant in Chicago, Illinois where he was the claims supervisor. He identified plaintiff's exhibit No. 14 as a credit authorization and testified that it was the record kept by Western Electric in the ordinary course of its business under his supervision and plaintiff's exhibit No. 19 as an interhouse bill which was a carbon copy of exhibit No. 14 Exhibit No. 3 attempted to be introduced through Mr. Ahsmus is a copy of the interhouse bill, marked as exhibit No. 19. These exhibits show the billing invoice price credited by Southwestern Bell to Western Electric and also show the repairs and transportation costs incurred in conjunction with the repair of the damaged alternator.

The trial court directed a verdict in favor of both defendants because of plaintiff's failure to prove ownership and damages. Plaintiff admits that the sanctions to be imposed by the trial court for failure to comply with discovery rules rests in the discretion of the trial court. *Buckler v. Sinclair Refining Co.*, 68 Ill.App.2d 283; *Frozen Food Express Co. v. Modern Truck Lines, Inc.*, 79 Ill.App.2d 84; *Wofford v. Devore*, 73 Ill.App.2d 92, but argues that this sanction should not have been invoked under the circumstances of this case. Some of the criteria which our courts have considered in determining whether an appropriate sanction has been invoked are the

surprise to the opposing party, whether the omission appears to have been intentional or inadvertent, the nature of the witness's testimony, the timeliness of the objection to his testimony, the opportunity and access of the opposing party to interview or depose the witness prior to trial, and the prejudice resulting to the opposing party from the testimony. *Buckler v. Sinclair Refining Co., supra; Quatrano v. Marrocco,* 61 Ill.App.2d 1; *Rosales v. Marquez,* 55 Ill.App.2d 203.

Plaintiff also relies on *Wright v. Royse,* 43 Ill.App.2d 267, wherein the court stated at 288:

"(T)here is no mandatory rule requiring the trial court to exclude a witness whose name is not given, but that the trial court is under a duty, when the situation arises, to delay the trial for the purpose of ascertaining the type of witness involved and the content of his evidence, the nature of the failure or neglect or refusal to furnish the witness' name, and the degree of surprise to the other party, including prior knowledge of the name by said party."

■■ It is apparent from the record that plaintiff's failure to list Mr. Barrett as a witness was not intentional, since his presence was required only after plaintiff failed to provide a proper foundation for the business records through the testimony of Mr. Ahsmus. It is also apparent that the evidence which would have been elicited through Mr. Barrett is the same as that sought to be introduced through Mr. Ahsmus whose name had been given to defendants in answers to interrogatories and therefore any surprise or prejudice to defendants' case was minimal and certainly did not place defendants in an unfair or unjust position.

A brief recess to permit defendants to interview the witness as was proposed by plaintiff's attorney would have disclosed that the content of the witness's testimony was or should have been anticipated from the evidence sought to be introduced previously through Mr. Ahsmus. Plaintiff's exhibit No. 14 showing the sale of the alternator from Western Electric to Southwestern Bell and the amounts paid for repairs by Southwestern Bell had been supplied to defendants pursuant to interrogatories. We believe that the trial court abused its descretion in barring the testimony of the witness Barrett. Accordingly, the judgment of the Circuit Court of St. Clair County is reversed and remanded for a new trial.

Reversed and remanded.

JONES and EBERSPACHER, JJ., concur.