ELEANOR MARK TRIPPEL, Plaintiff-Appellee, *v.* ELEANOR LOTT, Defendant-Appellant.

(No. 58386;

First District (3rd Division)—May 2, 1974.

Gates W. Clancy, of Geneva, for appellant.

Albert F. Hofeld, of Chicago, for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

This is a personal injury action in which the plaintiff alleged that she was injured as a result of the defendant's negligent operation of an automobile. After a jury trial the plaintiff was awarded judgment against the defendant in the amount of $56,000.

In this appeal the defendant raises the following issues: (1) whether the verdict is contrary to the manifest weight of the evidence; (2) whether the trial court abused its discretion in (a) suppressing a certain unsigned statement given by the plaintiff because of the defendant's failure to comply with certain discovery orders, (b) failing to sustain defendant's objection to certain comments in plaintiff's closing argument, (c) failing to declare a mistrial because of a certain unresponsive answer of a witness, (d) entering an order barring inquiry into prior medical problems of the plaintiff, and (e) failing to give one of defendant's submitted instructions.

We affirm.

The pertinent portions of the record on appeal are as follows. In October, 1968, the plaintiff filed a complaint alleging that due to an automobile accident caused by the defendant she had sustained injury to various parts of her body. In August, 1969, after the defendant had answered a *Monier* order of production was entered which required in part that each party was to produce, within 28 days, any statements given by a party to anyone other than their attorney or insurer. In May, 1972, over 2 years later, but still prior to trial, the defendant notified plaintiff that she had an unsigned four-page statement purportedly given by the plaintiff one day after the accident.

Immediately prior to trial the plaintiff moved to suppress this statement and all references to it during the trial, and this motion was granted by the trial judge. The plaintiff also moved, *in limine*, and the trial judge ordered that all direct or indirect testimonial references to any injuries suffered by the plaintiff before or after the date of accident which did not relate to the right knee and foot of the plaintiff and which were not

supported by medical opinion as being a contributing cause for the present condition of the right leg, were to be excluded. The plaintiff filed an amended complaint dropping any allegation of injury other than to her right knee and foot.

At trial the defendant was called under section 60 of the Civil Practice Act and testified that she was involved in an auto accident on August 15, 1968, at approximately 7:30 P.M. She stated that she was driving her car eastbound on the 31st Street overpass over Route 294 in Cook County, Illinois. At this point on 31st Street the road is four lanes wide, two lanes in either direction separated by a concrete divider curb 8 inches high. She was driving in the outside, southern-most eastbound lane. It had been raining and the pavement on the overpass was wet. As she proceeded at approximately 30 to 35 miles per hour she suddenly hit something in the road. She did not know exactly what it was but she believed her right front wheel hit a hole in the pavement in the right hand lane in which she was travelling. She estimated the depth of the hole to be 8 inches to 1 foot. When she hit the hole her car began to skid, the front end going to the right and the back going to the left. In an attempt to straighten the vehicle she turned to the left, or north, and the car went across the inside eastbound lane, the concrete divider strip, and both westbound lanes. When the car came to a stop it had crossed the roadway and rested with the rear half blocking the outside westbound lane, and the front half off the road on the shoulder of the westbound lanes. The car was perpendicular to 31st Street facing north.

She further testified that when her car stopped she saw the plaintiff's car coming toward her in the outside westbound lane, travelling at approximately 40 miles per hour. When she saw the car it was about 800 feet away travelling directly toward her. She made no effort to move her car off of the westbound lane. A few seconds later the plaintiff's car hit her car in the right side, passenger door.

The plaintiff testified that on the date of the accident she was driving west on 31st Street at a speed of about 30 to 35 miles per hour. When she approached the overpass she was driving in the northern-most, outside lane of the four-lane roadway. The plaintiff first noticed the defendant's car when it was two or three car lengths in front of her. The defendant's car was proceeding east, in the opposite direction, and was in the southern-most, outside lane of the four lane road. She further testified that she then suddenly saw defendant's car coming at her over the divider in the center of the road. Defendant's car was travelling in a northerly direction, going across the traffic lanes and was only about 20 feet in front of plaintiff's car. The plaintiff "slammed on" her brakes but was unable to avoid hitting the defendant's car in the passenger side. The

plaintiff was injured as a result of the collision and all the parties involved were taken to the hospital by ambulance.

Officer Ralph Rocco of the Cook County sheriff's police testified that he was called to the scene of the accident and made a report. He arrived at the scene after the parties had been taken to the hospital but before the vehicles had been moved. He stated that in his investigation of the accident scene he found no holes in the road surface. He further stated that he proceeded to the hospital to complete his report. While there he testified he talked to the defendant's husband, Mr. Lott. During cross and re-cross examination defendant's counsel vigorously tested the officer's recollection of his investigation in an attempt to discredit his testimony. Plaintiff's attorney then asked the officer how he could remember the fact he had a conversation with Mr. Lott, and the officer responded, "I stated to him that Mrs. Lott was getting a ticket." The defendant immediately objected and the trial court sustained the objection and directed the jury to disregard the comment. The trial court denied defendant's motion for a mistrial with further instructions to the jury to disregard the question and answer.

Other witnesses testified that on the date of the accident and the following day the road surface of the 31st Street overpass was under repair. Their testimony disclosed that during the day of August 15, 1968, a certain construction company, pursuant to a contract with the State of Illinois, removed certain temporary patching from the road surface preparatory to applying a permanent resurfacing on August 16. Upon ending their work on the afternoon of the 15th the crew did not post warning signs because they had no contractual obligation to do so and it was their policy not to use warning signs where the holes were no deeper than 2 inches.

In this regard, the only witness who testified that there were large holes on the road surface was the defendant herself. Witness Linger, a neighbor of the plaintiff, who observed the bridge on the morning of the accident, and witness Matechick, a State of Illinois road inspector, who inspected the surface of the bridge on May 8, 1968, both testified that no hole on the bridge was deeper than 2 inches. Mr. Lott, defendant's husband, testified that he took pictures of the bridge surface on the morning of August 16 and he stated the holes were from 1 to 6 inches deep. He did not see any that were 8 inches to 1 foot deep.

During closing arguments plaintiff's counsel posed a rhetorical question to the jury. After defendant argued that plaintiff had been guilty of contributory negligence in causing the accident, plaintiff's counsel stated, "If they honestly and sincerely believe that, why don't they counterclaim and sue her [plaintiff]?" The court overruled defendant's

objection and denied her motion for a mistrial, making the comment, "Proper argument."

Upon these facts the jury returned a verdict for plaintiff in the amount aforementioned. In this appeal the defendant asks for a reversal of the judgment of the trial court for a number of reasons among which is that the evidence does not support the verdict.

■■ "A reviewing court will not disturb a verdict where the evidence is conflicting unless the verdict is clearly wrong or unless the court is satisfied that the verdict is against a manifest weight of evidence and that an opposite conclusion is clearly evident. A verdict will not be set aside merely because the jury could have found differently or because judges feel that other conclusions would be more reasonable." (*Franks v. North Shore Farms, Inc.* (1969), 115 Ill.App.2d 57, 75, 253 N.E.2d 45.) To the same effect are *Whitman v. Prescott* (1967), 80 Ill.App.2d 49, 225 N.E.2d 384, and *Jenkins v. Chicago & E.I. RR. Co.* (1972), 5 Ill.App.3d 954, 284 N.E.2d 392.

■■ We have thoroughly reviewed the entire record in this case and find that the verdict is clearly not contrary to the manifest weight of the evidence. Therefore, the verdict will not be disturbed.

The defendant also argues that the trial court committed certain errors that were so prejudicial to her that the judgment of the trial court cannot stand. First, the defendant argues that the court erred in suppressing all references to the contents of a certain unsigned statement taken from plaintiff by defendant's insurance investigator on the day after the accident. On plaintiff's motion the trial court suppressed the use of the statement as a sanction against the defendant because the defendant had not produced the statement within the 28-day time limit on a *Monier* order that was entered early in the pleading stage of the case.

■■ Supreme Court Rule 219(c) (Ill. Rev. Stat. 1969, ch. 110A, par. 219(c)) provides that if a party unreasonably refuses to comply with any provision of rules 201 through 218 (rules covering discovery and pretrial procedure), the court may enter such orders as are just as a sanction for the parties noncompliance. Further, it had been held that the particular sanction imposed rests largely within the sound discretion of the trial court (*Garofalo v. General Motors Corp.* (1968), 103 Ill.App.2d 389, 243 N.E.2d 691), and this discretion is broad and its exercise will not be interfered with unless it appears that it has been abused. *Hearst v. City of Chicago* (1973), 9 Ill.App.3d 1085, 293 N.E.2d 738.

In support of her argument that the trial court abused its discretion by suppressing the statement in the instant case the defendant relies

on four cases, all of which deal with a trial court's decision to suppress or refusal to suppress the testimony of a non-party witness where that witness' name had not been disclosed to the opposition under the provisions of a similar discovery order. (*Buckler v. Sinclair Refining Co.* (1966), 68 Ill.App.2d 283, 216 N.E.2d 14; *Frozen Food Express v. Modern Truck Lines, Inc.* (1967), 79 Ill.App.2d 84, 223 N.E.2d 275; *Western Electric Co. v. Bauer Brothers Construction Co.* (1971), 131 Ill.App.2d 1028, 268 N.E.2d 445; *Johnson v. Chicago Transit Authority* (1973), 11 Ill.App.3d 16, 295 N.E.2d 573.) However, these cases are essentially different from the situation in the instant case. In *Buckler (supra), Frozen Food Express (supra)* and *Johnson (supra),* all cases where the appellate court rejected the appellant's demand for a new trial because of the trial court's refusal to bar a witness' testimony, the court specifically found that there was no evidence that the appellee's nondisclosure was intentional and that appellant's further investigation was at least part of the reason for their alleged surprise. In *Western Electric* the court found that the testimony of the undisclosed witness was the same as would have been adduced from a previously disclosed witness, and therefore, there was no surprise to the complaining party.

In the instant case the defendant did not deny that she was in possession of the unsigned statement from the very beginning of the case, and it appears that the trial court could have based its decision to suppress on the fact that defendant's noncompliance was intentional or wilful.

■■ Whether this court would have reached a conclusion different from that of the trial court is not controlling in such cases. (*Wofford v. DeVore* (1966), 73 Ill.App.2d 92, 98, 218 N.E.2d 649.) Based on the record before us, we cannot say that the trial court abused its discretion.

■■ Further, we specifically reject the defendant's suggestion that the plaintiff was under a duty to further enforce the original *Monier* order that she caused to be entered, and that her failure to do so until a short time prior to trial somehow excused the defendant from producing the statement until then. Although certain unique factual situations (*Buckler* and *Johnson*) have caused courts to hold that where counsel has prior independent knowledge of the existence of a certain witness any prejudice in allowing this otherwise undisclosed medical testimony was due, in part, to counsel's failure to inquire further as to the significance of the doctor's examination or the extent of plaintiff's injuries, these cases do not bring down upon all litigants a general duty to further enforce *Monier* orders. Were we to adopt the defendant's suggestion we would not only be responsible for further lengthening the already considerable delay in personal injury actions in this district, but we would do violence to the spirit and intent of the *Monier* decision itself (*Monier v. Chamber-*

*lain* (1966), 35 Ill.2d 351, 221 N.E.2d 410) and the Supreme Court rules that implement that holding.

Next, defendant contends that the trial court erred in refusing to sustain certain of her objections to plaintiff's closing argument. During closing argument, and allegedly in response to the defendant's argument that plaintiff was contributorily negligent, the plaintiff rhetorically asked the jury why the defendant had not sued the plaintiff for her injuries if defendant believed the plaintiff to be negligent. The defendant's objection was overruled and her motion for a mistrial denied, whereupon the trial judge commented, "Proper argument." The defendant contends that this exchange was prejudicial.

■■ Concerning the conduct of the trial court, we will adhere to the established principle that not every comment or statement made by a trial judge is reversible error, despite assertions of counsel to the contrary, unless prejudice is clearly shown. (*Johnson v. Cunningham* (1969), 104 Ill.App.2d 406, 412, 244 N.E.2d 205.) Although it is improper and ill advised for counsel to question why one was not sued (*Downs v. Camp* (1969), 113 Ill.App.2d 221, 230, 252 N.E.2d 46; *Mulvey v. Illinois Bell Telephone Co.* (1973), 53 Ill.2d 591, 294 N.E.2d 689), such comment does not necessarily produce reversible error. *Gatto v. Curtis* (1972), 6 Ill.App.3d 714, 735, 286 N.E.2d 541.

■■ In the instant case we believe that plaintiff's counsel's statement to the jury was improper and that the court erred in not sustaining the defendant's objection. However, we do not believe that the comment constituted reversible error. The attitude and demeanor of counsel and the general atmosphere of the trial are observed by the trial court and cannot be reproduced in the record on appeal. The trial court is, therefore, in a better position than a reviewing court to determine the prejudicial effect, if any, of a remark made during closing argument, and unless clearly an abuse of discretion its ruling should be upheld. (*Elizer v. Louisville & N. RR. Co.* (1970), 128 Ill.App.2d 249, 254, 261 N.E.2d 827.) We have considered all the contentions of counsel in regard to this issue and studied the record in this regard and reject the defendant's contention that she was deprived of a fair trial by any statement of counsel or the court. We find no reversible error in the closing argument.

■■ Next, the defendant argues that the trial court erred in not declaring a mistrial based on the allegedly prejudicial response of witness Rocco. During examination by the plaintiff and in response to the question as to how he remembered he had a conversation with the defendant's husband, Officer Rocco stated that he told Mr. Lott that Mrs. Lott was getting a ticket. The defendant immediately objected and her objection was sustained. Further, the jury was twice advised to disre-

gard the answer. After argument outside the presence of the jury on defendant's motion for a mistrial, her motion was denied. The defendant now argues that the denial of the motion was reversible error. We cannot agree.

The trial court struck the testimony and instructed the jury to disregard it. In this case we believe that this action cured the alleged error. (*Scully v. Otis Elevator Co.* (1971), 2 Ill.App.3d 185, 275 N.E.2d 905; *Hall v. Chicago & N.W. Ry. Co.* (1955), 5 Ill.2d 135, 151, 125 N.E.2d 77.) For this reason there was no error in the denial of defendant's motion.

Next, the defendant contends that the trial court erred in entering and enforcing an order *in limine* barring inquiry into any prior medical problems of the plaintiff not related to her right knee and foot injury allegedly caused by the accident. As a result of this order the plaintiff amended her complaint dropping all allegations as to injuries from the accident other than to the right knee and foot. At trial the defendant attempted to introduce certain evidence as to a prior condition of plaintiff's hands that may have affected her driving ability on the day of the accident. The court sustained the plaintiff's objection commenting that this alleged condition of the hands was "so far removed and so foreign to anything involved in this case that it is just absolute conjecture."

■■■ The admission of evidence rests largely in the discretion of the trial court and its decision should be reversed only when such discretion has been clearly abused. (*Department of Public Works & Buildings v. Dalessio* (1968), 101 Ill.App.2d 187, 196, 242 N.E.2d 324.) While it is true that physical defects of the driver of an automobile may, in some cases, be considered in determining the question of liability (*Bensman v. Reed* (1939), 299 Ill.App. 531, 20 N.E.2d 910), it is also true that courts may reject evidence which it feels is of little probative value because of its remoteness, uncertainty or conjective nature. (*Hagerman v. National Food Stores, Inc.* (1972), 5 Ill.App.3d 439, 283 N.E.2d 321.) The record does not disclose any abuse of the trial court's discretion in rejecting this evidence.

Finally, the defendant argues that the court erred in refusing to give her offered instruction No. 18 which read: "The State of Illinois Highway Department has a duty to use ordinary care to maintain streets in a reasonably safe condition." The defendant cites no authority for her position but argues that in view of the fact that the court gave instruction No. 11, which stated that the conduct of some person other than the defendant constituting the sole proximate cause of the injury justified a verdict for defendant, the court should also have given her instruction No. 18.

Unless it appears that the rights of the complaining party have in some way been prejudiced by the giving or failure to give instructions the case will not be reversed on such ground alone. (*Campbell v. Ragel* (1955), 7 Ill.App.2d 301, 129 N.E.2d 451.) We find no prejudice to the defendant in the instant case. Instruction No. 11 stated that a verdict should be for the defendant if some third party's conduct was the sole proximate cause of injury to the plaintiff.

We have reviewed the entire record in this case and conclude that none of the rulings considered above, or all of them combined, were so unfair or prejudicial to the defendant as to require reversal of the judgment of the trial court. The following quotation is particularly relevant to cases such as the instant case.

> "The ultimate question here is not whether the trial was scrupulously free from error, but whether any error occurred which operated to the prejudice of the defendant or unduly affected the outcome below. Considering the evidence which supports the jury's verdict, as well as the law applicable to the alleged trial errors raised here, it is our conclusion that there is no error which would justify a reversal in this case." *Nelson v. Union Wire Rope Corp.* (1964), 31 Ill.2d 69, 118, 199 N.E.2d 769.

For these reasons the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

McNAMARA, P. J., and DEMPSEY, J., concur.