JUDITH A. MASON *et al.*, Plaintiffs-Appellees, *v.* THE VILLAGE OF BELLWOOD, Defendant-Appellant.—(EMMIE BONNER, Counterplaintiff-Appellee, *v.* THE VILLAGE OF BELLWOOD, Counterdefendant-Appellant.)

Second District (2nd Division)   No. 75-49

Opinion filed March 29, 1976.—Rehearing denied May 19, 1976.

544

Judge, Hunter & Schirott, of Park Ridge, for appellant.

David A. Decker and Hall, Meyer, Fisher, Holmberg, Snook & May, both of Waukegan, for appellees.

Mr. JUSTICE DIXON delivered the opinion of the court:

This suit concerns actions for personal injuries arising out of an intersection collision between a passenger car operated by Emmie Bonner and a fire truck owned by the defendant Village of Bellwood. The passengers in the automobile, Mason and Drennan, sued the Village of Bellwood and Bonner for their personal injuries, and Bonner counterclaimed for her own personal injuries against the defendant Village of Bellwood. The case was tried before a jury in Lake County, and the jury returned the following verdicts: for plaintiff Mason and against the defendant Village for $82,500, for plaintiff Drennan and against the defendant Village for $8,000, for counterplaintiff Bonner and against counterdefendant Village for $7,000, and against plaintiffs Mason and Drennan and for defendant Bonner. There was also a special interrogatory finding counterplaintiff Bonner free from contributory negligence. Judgment was entered on all the verdicts. The case is before us now on an appeal by defendant Village of Bellwood, contending that the court committed reversible error by refusing to permit three witnesses to testify.

The accident occurred July 1, 1973, in Bellwood, Illinois at around 7 p.m., at the intersection of St. Charles Road and 25th Avenue which is controlled by a stop-and-go light. The Bonner automobile was proceeding southbound on 25th Avenue in the left of two southbound lanes at a speed of 25 miles per hour or less and Bonner saw the light for her turn green when she was 100 to 150 feet north of the stoplight. She looked to her right as she entered the intersection and saw the fire truck approximately 40 feet away traveling towards her at about 35 miles per hour. Bonner testified the first time she heard the siren was "just not even a

second" before the fire truck hit her. As a result of the impact, her car was pushed in a northeasterly direction and came to rest, still in contact with the fire truck, on the northeast corner of the intersection.

The driver of the fire truck, Davis, testified that he was responding to a fire call, and that he left the Bellwood Fire Station proceeding eastbound on St. Charles Road. He testified that the siren was operated by Capt. Rajcevich, seated to his right, that the pedal activating the siren had been pushed down by the Captain upon leaving the firehouse and again, as the siren was winding down, when the truck was one-third block from the intersection with 25th Avenue, and that the siren was operating at the time of the accident. Davis further testified he had looked at the traffic light only once, when he was 35-40 feet west of the intersection, and at that time the light for eastbound St. Charles Road was yellow. He did not know what color the light for him was as he entered the intersection. Davis testified that there was a building on the northwest corner which obstructs the view to the north, *i.e.*, of southbound traffic, that he characterizes this intersection as risky, and that he had had some prior close calls at that intersection. He further testified that he looked to his left at the edge of the intersection, didn't see plaintiff, and that the captain then drew his attention to the smoke to his right, and that he was looking at this smoke as he entered the intersection at 15 miles per hour in the left of the two eastbound lanes in preparation for making a wide right turn to go south on 25th Avenue.

The defendant Village filed answers to interrogatories of plaintiffs and counterplaintiff on January 21, 1974. In the answers they listed Juanita Limonez, Elisseo Limonez and Raoul Rivera all of 2509 St. Charles Road as persons "with knowledge of the occurrence," but not as persons "at the scene before, during or after the occurrence." For interrogatory #6, whether "you or your attorneys or agents have any statements, notes or other memorandum of conversations" there was a negative answer as to these persons. Identical answers to interrogatories were filed by the same attorneys on February 21, 1974, on behalf of driver Davis.

There were two Monier orders entered, by counterplaintiff Bonner, on January 4, 1974, and plaintiffs Mason and Drennan February 6, 1974. The response to these was made orally by attorney for the defendant Village at the deposition of some of some of the parties on February 14, 1974, and the response made no reference to any statements, conversations, etc., of the above-mentioned witnesses, which shall hereafter be referred to as the first set of witnesses. There was also notice to produce any such statements, memoranda, etc., at the time of trial filed on behalf of defendant Bonner on July 19, 1974.

At the commencement of trial, the attorney for defendant Village first stated that there had been no statements taken from these witnesses, there

had only been a telephone conversation, and a plaintiff's attorney requested notes of the conversation. On the second day of trial, attorney for defendant Village first turned over material in an investigative report dated July 12, 1973. Attorneys for defendant Village had been in possession of this material since July 1973. This report indicated that the investigator had spoken to this first group of witnesses in the presence of a court reporter. This information and the name of the court reporter were not made available to plaintiffs and counterplaintiff until the second day of trial. The defendant Village then attempted to call as witnesses Elisseo Limonez from the first set of witnesses, and Letitia, Sylvia and Salvatore Limonez, hereinafter referred to as the second set of witnesses. (Juanita Limonez and Raoul Rivera could not be located.) There had been no prior disclosure at all of the second set of witnesses; their names did not appear anywhere on answers to interrogatories. Counsel for defendant Village said the second set of witnesses had only become known to him during the trial; that the initial canvas of the neighborhood immediately following the accident had only turned up the first set, and that during trial when an investigator was sent out to locate this first set of witnesses, he first became aware of the second set of witnesses. All of these witnesses lived within a block of the accident and would testify that they heard a siren then a crash. Defense counsel admitted that all of the proferred witnesses were from the same family, and that two of the second set were only 8 and 9 years old at the time of the occurrence, but he insisted that any discovery sanctions the court might impose against the first set of witnesses should not extend to the second set. The court refused to let any of the proferred witnesses testify.

■■ Defendant Village of Bellwood contends that this refusal was prejudicial error and cites us numerous cases concerning the admissibility of relevant evidence and the lack of a continuing duty to update answers to interrogatories. We believe that, notwithstanding the points alleged by defendant, the court did not abuse its discretion in refusing to permit members of both sets of witnesses to testify as a sanction under Supreme Court Rule 219(c) (Ill. Rev. Stat., ch. 110A, §219(c)) for defendant Village's violation of discovery procedures. Sanction orders under Rule 219(c) are to be imposed only when the noncompliance is unreasonable and the order entered is just. (*612 North Michigan Avenue Building Corp. v. Factsystem, Inc.* (1975), 34 Ill. App. 3d 922, 340 N.E.2d 678; *Serpe v. Yellow Cab Co.* (1973), 10 Ill. App. 3d 1, 293 N.E.2d 742.) The particular sanction imposed rests largely within the sound discretion of the trial court, and this discretion is broad and its exercise will not be interfered with, unless it appears that it has been abused. *Trippel v. Lott* (1974), 19 Ill. App. 3d 936, 941.

■■ It is clear that the defendant knew or should have known at the

time answers to interrogatories were filed and responses to Monier orders given that statements had been taken of the first set of witnesses, as evidenced by the investigative report in defendant's file since July 1973. Therefore, defendant's failure to disclose the existence of these statements and the name of the court reporter was an unreasonable and willful violation of the discovery procedures, and the exclusion of the first set of witnesses was a correct sanction. Defendant urges us however that this sanction should not extend to the second set of witnesses because they were unknown to them when discovery procedures were being complied with. In this case, however, the second set, or unknown witnesses, were children in the same family as witnesses known to the defendant since 5 days after the accident, and so are not unknown in the same sense as the truly unknown witnesses in cases cited by defendant, such as *Burns v. West Chemical Products, Inc.* (1973), 12 Ill. App. 3d 947.

We find that given the facts of this case, the interrelation of the two sets of witnesses and the defendant Village's lack of good faith in discovery proceedings, the court did not abuse the wide discretion given him under Rule 219(c) in excluding both sets of witnesses from testifying.

■■ We further note that the overall evidence in this case was so overwhelmingly in favor of the plaintiffs and counterplaintiffs, that we do not feel the outcome would have differed even if the three witnesses of the second set aged approximately 8, 9 and 18 at the time of the accident had been permitted to testify that they heard a siren precede the crash by 10 seconds, 1 minutes and one-half minute respectively. In addition the testimony of these witnesses, as shown in the offer of proof, only concerned the presence or absence of an audible siren, and there was sufficient evidence to clearly prove other acts of negligence on the part of the defendant Village of Bellwood, *i.e.*, entering a controlled intersection on a red light without slowing or ascertaining if the intersection was clear. The applicable statute (Ill. Rev. Stat., ch. 95½, §11—205) states, and the jury was so instructed, that even with a siren operating, the driver is not relieved "from the duty of driving with due regard for the safety of all persons."

For the above reasons, the judgment of the Circuit Court of Lake County is affirmed.

Judgment affirmed.

T. J. MORAN, P. J., and SEIDENFELD, J., concur.