CHARLES STROTMAN *et al.*, Plaintiffs-Appellants, v. K. C. SUMMERS BUICK, INC., *et al.*, Defendants-Appellees.

Fourth District   No. 4—85—0550

Opinion filed February 18, 1986.

Thomas J. Logue, of Glenn & Logue, of Mattoon, for appellants.

McConnell, Kennedy, Quinn & Johnston, Chartered, of Peoria (R. Michael Henderson, Lauren K. Meachum, Patricia S. Harris, and Judith A. Zakens, of counsel), for appellee General Motors Corp.

John P. Ewart and Millard S. Everhart, both of Craig & Craig, of Mattoon, for appellee K.C. Summers Buick, Inc.

JUSTICE MORTHLAND delivered the opinion of the court:

The plaintiffs, Charles and Ruby Strotman, appeal from the trial court's dismissal, with prejudice, of their fourth amended complaint. We affirm.

Plaintiff Charles Strotman purchased a new Buick automobile,

manufactured by defendant General Motors Corporation, from defendant K. C. Summers Buick, Inc., on July 30, 1980. On August 21, 1980, while Mrs. Strotman was driving the new Buick, the vehicle overturned. Both plaintiffs suffered personal injuries and the automobile was damaged beyond repair. When the vehicle came to rest after overturning, the rear axle was in two pieces and the right rear wheel had broken away from the car.

On September 9, 1981, the plaintiffs filed suit against the two defendants. After extended motion practice and numerous additions to the original complaint, the plaintiffs filed a third amended complaint on June 14, 1982. This third amended complaint totalled 18 counts under the theories of strict liability, breach of implied warranty, and negligence. All three theories were predicated upon allegations that General Motors and Summers Buick respectively manufactured and sold the vehicle in question with either a defective differential or a rear axle which suffered from metal fatigue. These defects allegedly caused the differential to lock and the rear axle to break into two pieces, leading to the plaintiffs' accident.

General Motors answered the third amended complaint and raised Mr. Strotman's alleged negligence in entrusting the vehicle to his wife as an affirmative defense. General Motors also counterclaimed against each of the plaintiffs, alleging negligence in operating the Buick. Defendant Summers Buick responded to the third amended complaint with a motion to dismiss for failure to state a claim. The circuit court denied this motion, and the automobile dealer answered on October 4, 1983. The dealer also counterclaimed against the plaintiffs and codefendant General Motors for contribution and indemnity.

On June 7, 1984, General Motors filed a motion for summary judgment (Ill. Rev. Stat. 1983, ch. 110, par. 2—1005). In this motion, the defendant manufacturer relied upon the deposition testimony of Dr. Robert J. Block, an expert who had examined the rear axle and differential on behalf of the plaintiffs. Dr. Block deposed that he believed the broken axle to be a result, not a cause, of the plaintiffs' mishap. The defendant automobile dealer subsequently filed its own motion for summary judgment, also relying upon Dr. Block's deposition testimony.

In response to the defendants' motions for summary judgment, the plaintiffs sought leave to file a fourth amended complaint. The circuit court permitted this fourth amended complaint to be filed on November 15, 1984, and denied the defendants' motions for summary judgment. The fourth amended complaint alleged that the Buick was defective in the following terms:

"a. A defect existed in said motor vehicle, the identity of which is unknown to this Plaintiff, which caused said motor vehicle to start turning to the right (clockwise) without any apparent cause, while being driven on cruise control at about 55 miles per hour."

This language appeared as part of the allegations claiming the defendants were liable under each of three theories: strict liability, breach of implied warranty, and negligence. The plaintiffs argued that this allegation of "defect" was sufficient to support a cause of action, citing *Tweedy v. Wright Ford Sales, Inc.* (1976), 64 Ill. 2d 570, 357 N.E.2d 449. The defendants filed motions to dismiss the complaint for failure to allege facts which might give rise to a claim for relief. On August 1, 1985, the circuit court dismissed the fourth amended complaint with prejudice as to both defendants after the plaintiffs elected to stand on their complaint rather than amending it further. The court found the fourth amended complaint's allegations of a defect in the automobile insufficient to support a cause of action.

Illinois requires a plaintiff to state sufficient facts to support a cause of action; the complaint must "reasonably inform the opposite party" of the claim which he must counter. (*Fort v. Smith* (1980), 85 Ill. App. 3d 479, 481, 407 N.E.2d 117, 119; see also Ill. Rev. Stat. 1983, ch. 110, par. 2—603.) A motion to dismiss the complaint for failure to state a cause of action (Ill. Rev. Stat. 1983, ch. 110, par. 2—615) concedes, for purposes of the motion, all factual allegations by the plaintiff. Such a motion does not, however, admit conclusory allegations of ultimate fact or law. *Tru-Link Fence Co. v. Reuben H. Donnelley Corp.* (1982), 104 Ill. App. 3d 745, 432 N.E.2d 1188.

■ The plaintiffs in the instant case proceeded under three alternative theories of liability: strict products liability, breach of the implied warranty of fitness (Ill. Rev. Stat. 1983, ch. 26, par. 2—314), and negligence in failing to detect or warn of the vehicle's alleged defect. Recovery under a theory of strict liability requires a plaintiff to show the unreasonably dangerous condition in existence when the product left the manufacturer's control, as well as damages resulting from that dangerous condition. (*Suvada v. White Motor Co.* (1965), 32 Ill. 2d 612, 210 N.E.2d 182.) Recovery under the warranty theory would require a showing that the plaintiffs' Buick was not fit for its ordinary use as a motor vehicle (Ill. Rev. Stat. 1983, ch. 26, par. 2—314(2)(c)). The negligence theory similarly requires proof of a defect whose consequences proper inspection or warning would have alleviated. Under each of these theories, the plaintiffs would need to show that a defect existed and plead such a defect with adequate specificity.

■ The appellate court has stated that a claim under strict products liability is sufficient when it alleges specific defective conditions in manufacture or design. (*Stahl v. Ford Motor Co.* (1978), 64 Ill. App. 3d 919, 381 N.E.2d 1211; *Garofalo v. General Motors Corp.* (1968), 103 Ill. App. 2d 389, 243 N.E.2d 691.) A plaintiff must plead and prove specific facts from which an inference of defect may be deduced. The requisite specificity includes pleading facts which narrow the search for a defect to a smaller product or to a limited system within a large or complex machine like an automobile. (See, *e.g.*, *Bejda v. SGL Industries, Inc.* (1980), 82 Ill. 2d 322, 412 N.E.2d 464 (grinding wheel); *Court v. Grzelinski* (1978), 72 Ill. 2d 141, 379 N.E.2d 281 (automobile gas tank); *Tweedy v. Wright Ford Sales, Inc.* (1976), 64 Ill. 2d 570, 357 N.E.2d 449 (automobile brakes); *Bollmeier v. Ford Motor Co.* (1970), 130 Ill. App. 2d 844, 265 N.E.2d 212 (automobile steering).) The plaintiffs here fail to eliminate any portion of the vehicle as a potential cause of their accident. It would be unfair to require the defendants to answer such vague allegations.

The plaintiffs rely heavily upon the Illinois Supreme Court's decision in *Tweedy v. Wright Ford Sales, Inc.* (1976), 64 Ill. 2d 570, 357 N.E.2d 449, to argue that their complaint is sufficient. In *Tweedy,* the plaintiff alleged that the brake system on a Ford automobile had failed, causing an accident. At trial, the plaintiff testified that when he pushed the brake pedal just before the mishap, the pedal went to the floorboard without resistance. The plaintiffs' daughter testified to a similar failure, which occurred several hours before the crash. Experts for both parties examined the vehicle's brake system following the accident and were unable to find any defect which would cause a malfunction. After a verdict for the plaintiff, the defendants appealed, contending that evidence of a malfunction, without more, could not support a finding that the brakes were defective. The supreme court, affirming the circuit and appellate courts (see *Tweedy v. Wright Ford Sales, Inc.* (1975), 31 Ill. App. 3d 72, 334 N.E.2d 417), held that evidence of a malfunction, absent abnormal use or reasonable secondary causes, demonstrates a *prima facie* case of a defective product.

■ *Tweedy* does not suggest, as the present plaintiffs contend, that a plaintiff need not plead or prove facts supporting an inference of defect. To the contrary, the plaintiff in *Tweedy* alleged a defect in the automobile's brake system (*Tweedy v. Wright Ford Sales, Inc.* (1975), 31 Ill. App. 3d 72, 73, 334 N.E.2d 417, 418) and offered specific proof of a malfunction not reasonably explained by other causes. The plaintiffs before us have not alleged specific facts from which one might infer the existence of a defect. Indeed, plaintiffs' counsel has

conceded during oral argument and in briefs that an expert carefully examined various systems on the automobile and found no suggestion of defect or malfunction. The plaintiffs are clearly unable to point to facts from which the existence of a defect might be inferred. We see no reason to extend *Tweedy* beyond its facts or its holding.

Although we have framed the preceding discussion in terms of the product liability theory, our rationale applies equally to the plaintiffs' warranty and negligence theories. The fourth amended complaint contains only conclusions and is insufficient to state a cause of action under any theory. Accordingly, we affirm the trial court's order dismissing the complaint with prejudice.

Affirmed.

WEBBER and GREEN, JJ., concur.