Fred Schwartz, d/b/a Schwartz Chemical Service, Plaintiff-Appellee, *v.* L. E. Moats *et al.,* Defendants-Appellants.

(No. 11442;

Fourth District—December 22, 1971.

*Rehearing denied January 28, 1972.*

Thomas F. Londrigan, of Springfield; Boyle & Wynn, of Carlinville; and Schimmel & Schimmel, of Pittsfield, for appellants.

Schmiedeskamp, Jenkins, Robertson & House, of Quincy, (Theodore G. House, of counsel,) for appellees.

Mr. JUSTICE SMITH delivered the opinion of the court:

Pursuant to Rule 219(c) of the Supreme Court, Ill. Rev. Stat. 1969, ch. 110A, par. 219), defendants' answer was dismissed and judgment entered for plaintiff in the amount sought in his complaint. This sub-paragraph reads as follows:

"If a party * * * unreasonably refuses to comply with any provision of rules [relating to discovery] or fails to comply with any order entered under these rules, the court, on motion, may enter, * * * such orders as are just, including, among others, the following:

* * *

(v) that, as to claims or defenses asserted in any pleading to which that issue is material, a judgment by default be entered against the offending party * * *;

(vi) that any portion of his pleadings relating to that issue be stricken and, if thereby made appropriate, judgment be entered as to that issue. In lieu of or in addition to the foregoing, the court may order that the offending party or his attorney pay the reasonable expenses, including attorney's fees, incurred by any party as a result of the misconduct, * * *."

The situation which engendered this action is this: On January 30, 1970, plaintiff served interrogatories on defendants; on May 19, it was brought to the attention of the court that such had not been answered and in connection with allowing defendants fourteen days to file an amended counterclaim, it was ordered, "in addition, rule on defendants to file answer to interrogatories within fourteen days from date"; one of the attorneys for defendants was present at the time of the entry of this order and he also received a written copy and so advised his co-counsel of the order, but not of the time limitation; no motion was directed against the interrogatories or for an extension of time and they continued unanswered; on June 29, plaintiff moved to dismiss the answer of defendants and for

judgment and for attorney's fees pursuant to the quoted rule; almost a month later, on July 21, following a hearing on the motion, it was allowed:

"Motion to dismiss Answer and enter judgment for plaintiff comes on for hearing and the Court being advised in the premises, the same is hereby allowed. It is further ordered that the answer to complaint filed herein be stricken and judgment in favor of $8,987.00 and costs is hereby entered in favor of plaintiff and against defendants."

Thereafter, defendants answered the interrogatories; filed a motion to "Set Aside Summary Judgment" within 30 days of July 21; and what we take to be a Section 72 (Ill. Rev. Stat. 1969, ch. 110, § 72) motion subsequent to the expiration of 30 days. Both were denied and defendants appeal as to all three judgments or orders.

■■■ Defendants' first point is simply that the judgment is void as the order exceeds the court's jurisdiction. But it is hard to see how this is so. They seem to rely on the phraseology of the motion, to " * * * enter judgment for the plaintiff on the pleadings" and argue that such is only provided for in section 45 (5) CPA (Ill. Rev. Stat. ch. 110, par. 45(5) ) and that such constitutes a "finding on the merits of the facts as pleaded and admitted" and that Rule 219(c) (v) does not authorize such. They then argue that since this rule provides only for a default judgment, such judgment is "not a hearing on the merits and does not acknowledge or establish the amount of damage claimed", hence, the court lacked jurisdiction since, apparently it heard no evidence relative to damages, or so it is said. But as plaintiff points out, what happened on July 21 other than the entry of the order has not been brought before us and the order does recite that the court was "advised in the premises". Without a report of proceedings showing what in fact did occur prior to the entry of the order we can only assume that what did occur was sufficient to support the order. *Smith v. Pappas,* 112 Ill.App.2d 129, 251 N.E.2d 390, cited by plaintiff, seems to support our assumption.

"A reviewing court, in situations such as the present where the record does not contain a report of the proceedings and where the order appealed from recites that the court is fully advised in the premises, must presume that the court acted in conformity to law and had before it sufficient facts to support its order."

The long discussion in the briefs of defendants apropos of the criteria for a judgment on the pleadings seems to us misplaced. Clearly this was a default judgment. The court proceeded as if there was no answer, just a complaint on file, and entered judgment for the amount sought. No issue is made that the complaint didn't state a cause of action for such amount, and what the court entered was indeed "a judgment by default" as called for by this rule. One need only look at the pertinent section of the Civil

Practice Act, (Ill. Rev. Stat. 1969, ch. 110, par. 50(4) ), to determine whether a court must hear evidence before entering a default judgment— "judgment by default * * * may be entered * * * for failure to plead, but the court may in either case require proof of the allegations of the pleadings upon which relief is sought". The optional "may" leaves no doubt but that the requirement of proof is discretionary. We conclude that from a jurisdictional point of view, the judgment entered as a sanction was eminently proper under Rule 219, Ill. Rev. Stat. 1969, ch. 110A, par. 219. *Danforth v. Checker Taxi Co.,* 114 Ill.App.2d 471, 253 N.E.2d 114; *Estate of Atwood,* 97 Ill.App.2d 311, 240 N.E.2d 451; *Gray v. Yellow Cab Co.,* General No. 54663, 273 N.E.2d 703.

■■ Defendants recite what is certainly the rule that judgments by default are not encouraged and aptly quote from *Gillespie v. Norfolk and Western Ry. Co.,* 103 Ill.App.2d 449, 243 N.E.2d 27, that the many sanctions suggested in Rule 219 "emphasize a variety of flexible methods by which courts may ensure both discovery and trial on the merits". The severity of the sanction imposed should be circumscribed by the conduct of the offending party. The dismissal of a cause of action or of a defense or of a counterclaim is drastic punishment for a party litigant and ought not be invoked except in those cases where the actions of the party show a deliberate contumacious or unwarranted disregard of the court's authority. (*Allegro v. Afton Village Corp.,* 9 N.J. 156, 87 A2d 430; *Booth v. Sutton,* 100 Ill.App.2d 410, 241 N.E.2d 488; *Gray v. Yellow Cab. Co.,* 273 N.E.2d 703.) The burden is on the offending party to establish by affidavit or otherwise that his failure to comply with rules was warranted by extenuating circumstances or events. This record is devoid of such a showing. The plaintiff requested the allowance of attorney fees and Rule 219 (c) supplies the basis for the imposition of such a sanction in proper cases. This, it seems to us, is more in accordance with the intent and spirit of Rule 219 than the drastic action here taken by the trial court. Accordingly, the orders refusing to vacate the judgment shall be and they are hereby reversed with directions to the trial court to first determine the reasonable expenses and attorney fees incurred by the plaintiff by reason of the failure of the defendants to answer the interrogatories. In computing these items, the court can take into account the expense involved, not only on the hearing on July 21, but also the subsequent post-judgment hearings as they are directly connected, we feel, to the inattention of the defendants in answering the interrogatories when ruled upon to do so. Upon the determination of that dollar amount, the court shall then assess such costs and attorney fees against the defendants and upon the payment of such costs and attorney fees within a reasonable time to be fixed by the trial court, the judgment in favor of the plaintiffs and against

the defendants shall be vacated, the defendants permitted to refile their answer and the cause proceed to a trial on the merits if such is desired. The parties then may have what all procedural rules are geared for—a trial on the merits. Otherwise, the judgment appealed from shall remain in full force and effect.

Reversed and remanded with directions.

TRAPP, P. J., and CRAVEN, J., concur.