Sam Serpe, Plaintiff-Appellee, *v.* Yellow Cab Company *et al.,*
Defendants-Appellants.

(No. 56075;

First District (4th Division)—January 31, 1973.

Jesmer and Harris, of Chicago, (Julius Jesmer, Robert D. Jesmer, and Morton A. Kier, of counsel,) for appellants.

Clausen, Hirsh, Miller & Gorman, of Chicago, (James T. Ferrini and Donald C. Potter, of counsel,) for appellee.

Mr. PRESIDING JUSTICE BURMAN delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Cook County striking the defendant Yellow Cab Company's answer for failure to produce its employee for a deposition pursuant to court order and from a default judgment entered in favor of the plaintiff against both defendants. The plaintiff, Sam Serpe, filed a complaint seeking to recover damages resulting from a collision between his automobile and a taxicab driven by the defendant, Francisco Quinones and owned by the defendant Yellow Cab Company. Each defendant filed an answer to the complaint. The collision was witnessed by Juan Garcia, who at the time was employed by Yellow Cab as a driver, but was not on duty and was driving

his own automobile and engaged in personal business. The plaintiff served a notice upon Yellow Cab pursuant to Illinois Supreme Court Rule 204 to produce Garcia, its employee, at a deposition to be held on March 26, 1969. Garcia did not attend the deposition, and the plaintiff filed a motion to strike Yellow Cab's answer because of its failure to produce Garcia.

Yellow Cab filed an affidavit in opposition to this motion in which it admitted that Garcia was a witness to the accident and was its employee both at the time of the accident and at the time of the motion, but stated that, in its belief, Supreme Court Rule 204 "does not encompass the production of a witness who was not in the course or scope of his employment for the taking of his discovery deposition without first serving a subpoena with the appropriate witness fee." On May 12, 1969, Yellow Cab filed an amended affidavit in which it stated its belief that it did not have control over Garcia with respect to events occurring outside of his employment. A hearing was had on the motion and an order entered that Garcia appear for deposition within 28 days.

Garcia did not appear at the second deposition, which was scheduled on June 10, 1969, and the plaintiff filed a second motion to strike Yellow Cab's answer. Yellow Cab filed a written objection to this motion, to which it attached a letter from its attorneys informing it of the court's order of May 12 and a reply in which its president stated that Garcia had been informed of the deposition and had refused to attend and that under the terms of Yellow Cab's labor contract it could not invoke any sanctions against Garcia to compel his attendance. On June 23, 1969, the court entered an order striking Yellow Cab's answer and setting the case for a prove-up.

On June 2, 1970, a jury was empaneled and the plaintiff presented evidence as to his damages only. The jury returned a verdict for the plaintiff in the amount of $1,205.44, and judgment was entered on the verdict against both defendants. A timely post trial motion filed by the defendants was denied and this appeal followed. In his brief, the plaintiff confesses error as to the judgment entered against Francisco Quinones. We are, therefore, only concerned with the appeal of Yellow Cab.

On appeal Yellow Cab contends that the trial court exceeded its authority in ordering Garcia to attend the deposition, that the trial court erred in punishing it for the recalcitrance of Garcia, that the order striking its answer was an excessive and inappropriate sanction and that the verdict against both defendants was void because no evidence was presented as to liability. In our view, we need consider only the third contention, that the order striking Yellow Cab's answer was an inappropriate sanction.

4

The trial court's order of May 12, 1969, that Garcia appear for deposition within 28 days, was entered pursuant to Illinois Supreme Court Rule 204 (Ill. Rev. Stat. 1971, ch. 110A, par. 204), Rule 204 provides in relevant part:

> "Service of notice of the taking of the deposition of a party or person who is currently an officer, director, or employee of a party is sufficient to require the appearance of the deponent and the production of any documents or tangible things listed in the notice."

■■ In the event of unreasonable noncompliance with Rule 204 or an order entered under it, Illinois Supreme Court Rule 219 (Ill. Rev. Stat. 1971, ch. 110A, par. 219) provides a variety of sanctions which the court may levy against the offending party. Among these are the striking of its pleadings, and where appropriate, the entry of judgment. The sanction to be imposed rests largely within the sound discretion of the trial court. (*Garofalo v. General Motors Corp.*, 103 Ill.App.2d 389.) Thus the question presented to this court is whether the trial court abused its discretion in striking Yellow Cab's answer and entering a default judgment against it.

The outer limits of the court's discretion in cases such as the one presently before us are defined by both Illinois Supreme Court Rule 219 and by the decisions which have considered its application. Rule 219 provides in part:

> "If a party * * * unreasonably refuses to comply with any provision of Rules 201 through 218, or fails to comply with any order entered under these rules, the court, on motion, may enter, in addition to remedies elsewhere specifically provided, such orders as are just * * *."

■■ From the language of the rule itself the sanctions are to be imposed only when the noncompliance is unreasonable, and the order entered must be "just".

■■ In *People ex rel. General Motors Corp. v. Bua*, 37 Ill.2d 180, our Supreme Court considered at length the scope of the court's discretion both in entering discovery orders and in enforcing them. It stated that the purpose of Rule 219 is to further discovery and that while the court may impose such sanctions as are necessary to accomplish discovery, it may not impose sanctions which are intended primarily as punishment.

Applying these principles to the present case, we believe that the trial court abused its discretion in striking Yellow Cab's answer.

■■■ For the sanctions enumerated in Rule 219 to be applied there must be an unreasonable noncompliance. Our research indicates that unreasonable noncompliance has not been defined by our courts, but

we believe that a definition can be inferred from the decisions in which the striking of a party's pleadings has been held proper. In virtually all such cases the conduct of the offending party seems to have been characterized by a deliberate and pronounced disregard for the rule or order not complied with. (See *In re Atwood's Estate,* 97 Ill.App.2d 311; *Kocis v. Kocis,* 47 Ill.App.2d 68; *Coutrakon v. Distenfield,* 21 Ill.App.2d 146; *Sager Glove Corp. v. Continental Casualty Co.,* 19 Ill.App.2d 568.) Adopting such conduct as the standard, we conclude that Yellow Cab's failure to produce Garcia as ordered was not unreasonable. The letters attached to its objection to the plaintiff's June 10, 1969 motion to strike its answer establish that it informed Garcia of the court's order. Garcia refused to attend, and Yellow Cab could not discharge him because of his refusal. Indeed, even if Yellow Cab could have discharged Garcia, this is the most that it could have done. Therefore Yellow Cab did everything possible within the constraints of its labor contract to insure compliance.

■■ Furthermore, we believe it apparent from the foregoing that the order striking Yellow Cab's answer could not have accomplished the discovery sought by the plaintiff, as Yellow Cab had taken all reasonable steps to obtain Garcia's attendance at the deposition. Rule 219 provides that the court may enter any order that is just. As indicated in *Gillespie v. Norfolk and Western Ry.,* 103 Ill.App.2d 449, a just order is one which, to the degree possible, insures both discovery and trial on the merits. In the present case the order striking Yellow Cab's answer precluded a trial on the merits and did nothing to further discovery. Under these circumstances it was an inappropriate sanction. Without commenting on what an appropriate order might have been, we note from the record that the plaintiff never attempted to serve Garcia with a subpoena and that the letter from Yellow Cab's president to its attorneys indicates that Garcia would have attended the deposition had he been served.

For these reasons the order striking Yellow Cab's answer and the judgments against the Yellow Cab Company and Francisco Quinones are reversed.

Reversed.

ADESKO and DIERINGER, JJ., concur.