JOHN DORBIN, Plaintiff-Appellee, *v.* YELLOW CAB COMPANY *et al* Defendants-Appellants.

(No. 57295;

First District (2nd Division)—September 18, 1973.

Jerome Feldman and Robert Cleveland, both of Chicago, for appellants.

Jesmer and Harris, of Chicago, (Robert Jesmer, Charles E. Tannen, and Ronald Jay Gold, of counsel,) for appellee.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

Defendant appeals from a judgment of $1500 entered in favor of plaintiff, contending that the trial court erred in vacating an order dismissing the suit.

On November 18, 1966, plaintiff filed a complaint alleging negligence on the part of defendant. On December 5, 1966, defendant filed an answer to the complaint and interrogatories to be answered by plaintiff. On March 28, 1967, in response to a motion of defendant, the trial court entered an order giving plaintiff 30 days in which to file answers to the interrogatories. On June 15, 1967, the complaint was ordered stricken because of plaintiff's failure to appear for a deposition. On June 30, 1967, the June 15 order was vacated on motion of plaintiff. On December 29, 1969, on motion of defendant, the court entered an order striking the complaint and dismissing the suit because of plaintiff's failure to answer interrogatories. On January 27, 1970, on motion of plaintiff, the trial court vacated the December 29 order, finding that service of the notice of defendant's motion to strike the complaint was "questionable". Defendant sought to appeal the order vacating the dismissal, but the appeal was dismissed on the ground that the order was not final and appealable. (*Dorbin v. Yellow Cab Co.*, 1 Ill.App.3d 113, 273 N.E.2d 622.) The case was returned to the trial court and placed on the trial calendar. Defendant concedes that it had obtained plaintiff's deposition and that plaintiff answered the interrogatories in question before trial of the cause. On October 20, 1971, judgment was entered on a jury verdict in favor of plaintiff in the amount of $1500.

Defendant contends that the trial court erred in vacating the December 29 order whereby plaintiff's complaint was stricken and the suit

dismissed. Defendant argues that the trial court abused its discretion in vacating the order of dismissal because the record does not reflect any valid reason for sustaining plaintiff's motion to vacate the order.

The January 27, 1970, order provides in part:

"This cause coming before the Court on Motion of the Plaintiff to vacate the Order of December 29, 1969, and all parties being present pursuant to proper Notice and the Court hearing the arguments of counsel.

IT IS ORDERED:

1. That the Order entered herein on December 29, 1970, [sic] striking the Complaint for failure to Answer Interrogatories and dismissing this cause is hereby vacated and the fee for reinstating this matter is hereby waived due to the Court's finding that the proper service of Notice of said Motion was questionable."

■■ It has been held that, where an order entered by a trial court recites that the court is fully advised in the premises, it will be presumed that the court received adequate information to support the decision rendered. (*Skaggs v. Junis*, 28 Ill.2d 199, 190 N.E.2d 731; *Smith v. Smith*, 36 Ill.App.2d 55, 183 N.E.2d 559.) We think that the instant case presents an analogous situation. The trial court found that service of notice of defendant's motion to strike the complaint was "questionable" and vacated the order dismissing the action. Inasmuch as the record does not reflect the basis for this finding, we must presume that the information presented to the trial court at the hearing on the motion to vacate was sufficient to support the order. Where it is alleged that the evidence was insufficient to support a finding of the court, the burden of preserving such evidence rests with the party who appeals from the order. (*Skaggs v. Junis, supra.*) Defendant has failed to preserve the evidence that it claims was insufficient to support the finding of the trial court.

We are aware that defendant's basic grievance is the failure of plaintiff to abide by the court's orders to answer the interrogatories. We do not condone such conduct. However, defendant has not established any prejudice to its defense arising out of plaintiff's failure to answer the interrogatories at a point of time earlier in the course of the proceedings.

■■ The judgment is therefore affirmed.

Affirmed.

LEIGHTON and HAYES, JJ., concur.