JOHN BENDER, Plaintiff-Appellant, v. EHRON PFOTENHAUER, Defendant-Appellee.

(No. 74-33; )

Third District—July 31, 1974.

Terrence Hegarty, of Chicago, for appellant.

Ackman, McKnelly & Marek, of Kankakee (Robert Boyd and Richard Ackman, of counsel), for appellee.

Mr. JUSTICE ALLOY delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Kankakee County allowing a motion to dismiss the complaint filed in the action with prejudice for failure of plaintiff John Bender to appear for a deposition pursuant to court order.

It appears that a notice of discovery deposition was given to plaintiff's attorney on May 18, 1973, for a discovery deposition of the plaintiff John Bender to be taken by defendant's attorneys on May 30, 1973, at the office of defendant's attorneys in Kankakee, Illinois. No one appeared for said deposition. There were no phone calls received by defendant's attorneys with respect to the deposition. Thereafter, a pretrial conference was called and held by the trial court on June 19, 1973. Although plaintiff had Chicago counsel, local counsel was not engaged as an attorney for plaintiff until the pretrial time. At the pretrial, both parties were ordered by the court to appear for depositions on July 19, 1973, at 9 A.M. at the office of one of the attorneys for the defendant at Kankakee, Illinois. On July 19, 1973, no one appeared on behalf of plaintiff nor was anyone called by plaintiff or his attorney nor was any excuse made for either the failure to appear or the failure to have someone call on the telephone. The cause had been continued for pretrial to August 20, 1973, by the trial court and on August 20, 1973, no one appeared for the plaintiff and no one called on behalf of the plaintiff even though plaintiff's Chicago counsel was advised by August 17, 1973, that the local attorney was going to withdraw his appearance. On August 20, 1973, the trial court allowed a motion to dismiss plaintiff's complaint which was filed August 15, 1973, for failure of plaintiff to appear for the discovery deposition on July 19, 1973. Thereafter, the out-of-county counsel for plaintiff filed his petition to vacate the dismissal on September 18, 1973, and such motion was heard on September 24, 1973. Upon an explanation that there was confusion between local counsel and the office of out-of-county counsel, the court vacated the August 20, 1973, dismissal of the case, reinstated the case and set October 24, 1973, at 1:30 P.M. for the taking of the deposition of plaintiff. Such date was agreed to by plaintiff's counsel. On October 23, 1973, the day before the deposition was to be taken at the offices of defendant's attorneys, the attorney for plaintiff called defendant's at-

torney's office to confirm that the depositions were to proceed and that a court reporter had been secured. It was stated that defendant also would be present pursuant to notice given to the defendant.

Plaintiff's attorney, at the hearing on the motion to dismiss, following the failure of plaintiff to appear at 1:30 for such deposition on October 24, 1973, stated that the attorney had arrived in Kankakee at 10:45 A.M. to attend the scheduled 1:30 deposition, and that he met his client and discussed the deposition and ate lunch. Plaintiff's attorney stated that he and plaintiff went to the address of the defendant's attorney's office and found his correct new address and telephone number. Plaintiff's attorney stated that the defendant's attorney's office did not answer either of two telephone calls and plaintiff and his attorney drove to the new office address where they found the front entrance locked and the office apparently not occupied at the time. The plaintiff's attorney pounded on all the office doors, he stated, and received no response from anyone. The plaintiff advised his attorney that Kankakee businessmen take Wednesdays off. Plaintiff and his attorney waited until 1 P.M., convinced that the entire building was closed, and plaintiff's attorney returned to Chicago. They did not wait until the 1:30 time set for the taking of the deposition. Apparently, the calls and the efforts to get attention at the office were all made during the period between 12 and 1 P.M.

At the hearing on defendant's motion to dismiss held on November 5, 1973, for failure of plaintiff to appear at the taking of the deposition on October 24, 1973, the defense attorney and his secretary testified that plaintiff did not appear at 1:30 P.M. on October 24, 1973. The secretary testified that they had all taken their lunch between 12 and 1 P.M. and that it is normal for offices in Kankakee to be closed between 12 and 1 P.M. for lunch each day. The secretary for defendant's attorney also stated that at 1 P.M. the offices were open and other secretaries were present in the office. The trial court, following the hearing, dismissed plaintiff's complaint with prejudice. Plaintiff now contends that the trial court abused its discretion in dismissing plaintiff's complaint wth prejudice under circumstances evidencing plaintiff's willingness to comply with the discovery order.

Defendant's counsel points out that under Supreme Court Rule 219 (Ill. Rev. Stat. 1973, ch. 110A, § 219) it is provided that if a party fails to comply with an order entered under the Rules, the court on motion may enter such orders as are just, including an order of dismissal of the other party's suit with prejudice. Counsel for plaintiff contends that dismissal of plaintiff's case was an inappropriate sanction when all factors are considered. They cite the case of *Gillespie v. Norfolk and Wes-*

*tern Ry. Co.*, 103 Ill.App.2d 449, 454, where the court points out that "[s]ome consideration might also be given to the fact that \* \* \* both attorneys for plaintiff, were not residents of the county seat. There is no circumstance to indicate that plaintiff, or plaintiff's attorneys, were either refusing to furnish answers to the interrogatories or ignoring the request." Plaintiff contends that fundamental fairness would indicate that plaintiff be allowed to proceed to a trial on the merits of the case and that a more appropriate sanction be fashioned to compensate defendant for his deposition expenses. It is suggested that although the imposition on defendant is regrettable, he could still be made whole by having plaintiff pay for the court reporter's fee and to pay witness' and other attorney's fees to defendant for the time wasted and the "mistake" (as plaintiff characterized it), which caused the premature departure of plaintiff at the time the deposition was scheduled to be taken.

The trial court apparently felt that plaintiff did not discharge the burden of establishing by affidavit or otherwise that his failure to comply with the rules was warranted by extenuating circumstances or events (*Schwartz v. Moats*, 3 Ill.App.3d 596, 277 N.E.2d 529). It is recognized that the discretion of the trial court in matters such as are now presented is broad and that the dismissal followed a failure of plaintiff to pursue his obligations with respect to the taking of the deposition. It is also pointed out that the courts have determined that an order of a trial court dismissing an action under such circumstances should not be set aside unless the court of review finds that there was an abuse of discretion. *In re Estate of Atwood*, 97 Ill.App.2d 311, 240 N.E.2d 451.

While we are reluctant to approve a dismissal of an action as a consequence of failure to comply with court orders and rules, we are reminded by defense counsel that "[u]nder our system of representative litigation the general rule is that the client is bound by the acts and omissions of his lawyer-agent in the prosecution of a remedy." *Danforth v. Checker Taxi Co.*, 114 Ill.App.2d 471, 253 N.E.2d 114, 116.

In the cause before us, plaintiff failed to appear for a discovery deposition in May, with no reason given for such failure. It was shown that he failed to obey the court order entered on June 20, for a deposition on July 19, with no reason given for such failure. He also failed to appear for a pretrial conference on August 20 with no sound reason given. The court vacated the August 20 order of dismissal and set October 24, 1973, a time agreeable to plaintiff, as the time for the taking of the deposition. As indicated, neither plaintiff nor his counsel was present at the appointed time at 1:30 P.M. on that date.

On the basis of the record before us, therefore, we cannot say that the sanction of dismissal of the action of plaintiff is unreasonable and con-

stitutes an abuse of discretion in view of the repeated failure of compliance with the orders of the court as shown in the record.

The order of the Circuit Court of Kankakee County is, therefore, affirmed.

Affirmed.

SCOTT, P. J., and DIXON, J., concur.