WILLIAM A. SAVITCH, Plaintiff-Appellant, *v.* RICHARD E. ALLMAN, Defendant-Appellee.

(No. 74-41;

Third District—February 13, 1975.

Olivero and Olivero, of Peru (Louis Olivero, of counsel), for appellant.

Johnson, Martin & Russell, of Princeton (Watts Johnson, of counsel), for appellee.

Mr. JUSTICE ALLOY delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Bureau County assessing $160 in attorney's fees as against the attorney for the plaintiff in this cause for an unreasonable refusal to answer interrogatories.

From the record it is apparent that plaintiff filed the action in this cause for damages suffered in an automobile collision on January 16, 1973. On February 23, 1973, defendant Richard E. Allman moved to strike the complaint and simultaneously served interrogatories on plaintiff in accordance with Supreme Court Rule 213 (Ill. Rev. Stat. 1973, ch. 110A, par. 213). Under the provisions of Rule 213(c) it is provided that a party has 28 days to answer such interrogatories. Plaintiff, therefore, should have answered the interrogatories on or before March 23, 1973. No answers to the interrogatories had been filed by the middle of Sep-

tember and on September 18, 1973, defendant's attorneys wrote a letter to the plaintiff's attorney reminding him that such answers were long overdue.

Another 30 days produced no results with respect to answers to interrogatories, and on October 18, 1973, defendant filed a motion for sanctions as against plaintiff and his counsel under Supreme Court Rule 219(c). That rule reads in part as follows:

> "If a party  *  *  *  unreasonably refuses to comply with any provision of Rules 201 through 218, or fails to comply with any order entered under these rules, the court, on motion, may enter, in addition to remedies elsewhere specifically provided, such orders as are just, including among others  *  *  *  that the offending party or his attorney pay the reasonable expenses, including attorney's fees, incurred by any party as a result of the misconduct  *  *  *  ."

A hearing was set on the motion for October 22, 1973, but was continued at the request of plaintiff's attorney who had other court business. He did not inform defendant that the answers to the interrogatories would be forthcoming shortly. Several days later, the answers were mailed to defendant's attorneys who received them on October 29, 1973. Defendant had refiled the motion for sanctions before the interrogatories were received, and a second hearing date of November 7 was again postponed at the request of the attorney for plaintiff. Finally, after a hearing on November 29, 1973, the trial court found that the attorney for plaintiff had unreasonably and willfully refused to answer the interrogatories. As a sanction, the trial court assessed, as against plaintiff's attorney, $160 in attorney's fees (less than requested by defendant's counsel in a motion specifying the costs and attorney's fees incurred by defendant as a result of delays in filing of answers to interrogatories by plaintiff). It is the order requiring the attorney for plaintiff to pay the $160 in attorney's fees which is challenged on his appeal.

Plaintiff's attorney does not question the power of the court to assess fees as against him, nor does he dispute the fact that he submitted the answers 220 days after they were due and 41 days after being reminded by defendant of the situation, but such counsel contends that the delay was not "an unreasonable refusal" within the meaning of Rule 219 and, also, that the fees assessed were assessed as a penalty rather than for the purpose of promoting the ends of discovery. He also contends that the court should first have ordered him to show cause why penalty should not be assessed before such a penalty is imposed.

■■  It is true that the purpose of the sanctions which are available to the trial court under Supreme Court Rule 219 are basically to be used

to accomplish the objects of discovery and not simply to penalize the party who is less than diligent in complying with discovery procedures. (*People ex rel. General Motors Corp. v. Bua,* 37 Ill.2d 180, 196, 226 N.E.2d 6 (1967).) As we examine the record in the instant case, we note that the sanction was imposed on attorney for plaintiff a full month after he had delivered the answers to defendant. We cannot, however, agree that the sanctions as to attorney's fees were imposed simply as punishment and not designed to promote discovery. The attorney for plaintiff had made no response to the interrogatories for 7 months after they were filed (6 months after answers were due). Defendant had reminded the attorney of the situation, but after another month had passed, no answers had been forthcoming. Only after the passage of this period of 8 months, and after defendant had filed the motion for sanctions, did the attorney for plaintiff make an effort to provide the answers according to the record.

We do not believe that the trial courts are required to condone this type of conduct, and that minor sanctions, such as restitution of amount expended as attorney's fees by a party by reason of such delay, may be assessed so as to do justice to all parties in the cause. Under Supreme Court Rule 213(c) the attorney for the plaintiff is required to respond to interrogatories within 28 days. He delayed for over half a year. Defendant was forced to expend additional amounts of money in attorney's fees to obtain a response from plaintiff's attorney. The sanctions imposed were comparatively light since, under Rule 219, the trial court had the power to dismiss plaintiff's entire case and enter judgment as against him. ██ It is obvious that to impose no sanction of any kind would create a feeling among attorneys that discovery deadlines could be lightly ignored and even willfully flaunted. The deadlines are imposed for significant reasons, particularly to keep the litigation constantly progressing toward a prompt and just termination, and to insure that evidence is made available to both sides while it still exists. By notifying the attorney for the plaintiff and other attorneys that discovery rules may not be lightly disregarded, the sanction imposed in this case may serve to further the objectives of the discovery procedure. We do not agree with the attorney for the plaintiff that the delay in answering the interrogatories was not "unreasonable" under the precedent of *Gillespie v. Norfolk and Western Ry. Co.,* 103 Ill.App.2d 449, 243 N.E.2d 27 (1968) and similar cases. In *Gillespie,* the trial court had dismissed plaintiff's complaint for his failure to answer interrogatories, and the appellate court found that the sanction thus imposed was too harsh. In that case, the defendant moved to dismiss the complaint after only 19 days from the time the answers were due and 6 days after receiving assurances from the plaintiff

that answers would soon be forthcoming. Thus both the time factors and the severity of the sanction distinguish *Gillespie* from the cause before us. The court in the *Gillespie* case simply found (at 454) that:

> "There is no circumstance to indicate that plaintiff, or plaintiff's attorneys, were either refusing to furnish answers to the interrogatories, or ignoring the request."

In the cause before us, the trial court could have considered that there were two circumstances which indicated vexatious delay amounting to a refusal. There was a 6-month delay after the deadline during which time defendant heard nothing about the answers to the interrogatories and, also, plaintiff's attorney failed to respond within 30 days following a reminder from defendant that the answers were long overdue. As we had stated in *Bender v. Pfotenhauer*, 21 Ill.App.3d 127, 130, 315 N.E.2d 137 (3rd Dist. 1974), "\* \* \* the burden of establishing by affidavit or otherwise that his failure to comply with the rules was warranted by extenuating circumstances or events \* \* \*" was on the noncomplying party. *Cf. Schwartz v. Moats*, 3 Ill.App.3d 596, 277 N.E.2d 529 (1971).

Other cases cited by plaintiff involved action by the trial court dismissing a party's complaint or defense and entering judgment as against the offending party. (*Dorbin v. Yellow Cab Co.*, 14 Ill.App.3d 586, 302 N.E.2d 633 (1973); *Bower v. Chicago Transit Authority*, 4 Ill.App.3d 1021, 283 N.E.2d 250 (1972); *Bergin v. Ashford*, 130 Ill.App.2d 835, 264 N.E.2d 266 (1970).) Sanctions involved in those cases were severe, and the courts have been understandably lenient with and sympathetic to parties who have been deprived of a day in court, absent some showing of "a deliberate and contumacious disregard" of the rules or of a court order. *Booth v. Sutton*, 100 Ill.App.2d 410, 415-16, 41 N.E.2d 488 (1968).

■■ The attorney for the plaintiff in the cause before us also places great weight on the fact that defendant did not first seek a specific court order requiring him to file the answers as has been done in some cases. There is nothing in the rules which requires that such action be taken by the party complaining of a failure to comply with the rules of court. The rules have specific provisions for procedures for sanctions in the event of a failure to comply with provisions of the rules. It is not a prerequisite to the action to require the imposition of sanctions under Rule 219 that a preliminary court order be sought, obtained, and thereafter ignored by the offending party. Violation of a court order would presumably have made the attorney's conduct more culpable, but the fact that no such order was first obtained does not excuse the unreasonable delay in complying with the Supreme Court Rules. If a specific order was required in all cases before sanctions are imposed, a dilatory attorney could simply delay as long as he wished, with consequential

inconvenience to the court and other litigants, until he is commanded by order to perform an act which is required by the rules. No such procedure is required nor would it be desirable.

■■ Counsel for plaintiff also argues that defendant has neither alleged nor shown prejudice to defendant's case. It is enough to say that defendant has been required to pay at least $160 in additional attorney's fees for the sole purpose of obtaining compliance by the attorney for plaintiff with the discovery rules, and the sanction imposed by the trial court was simply in the nature of restitution and was proper. No further prejudice need be shown.

■■ As has been indicated in many cases, the trial court has broad discretion in the conduct of pretrial discovery procedures, and such discretion includes the imposition of reasonable sanctions as against dilatory parties. As a court of review we do not interfere with actions of such nature unless the discretion has been clearly abused. (*Bender v. Pfotenhauer*, 21 Ill.App.3d 127, 315 N.E.2d 137 (1974); *Serpe v. Yellow Cab Co.*, 10 Ill.App.3d 1, 293 N.E.2d 742 (1973).) We find no abuse of discretion in the cause before us from the order of the trial court requiring that $160 in attorney's fees be paid by attorney for plaintiff as a discovery sanction pursuant to Supreme Court Rule 219.

■■ Defendant also contends that by reason of the conduct of attorney for plaintiff, the complaint in this cause should be dismissed as an additional sanction. We do not agree that this is necessary or required by reason of the conduct referred to in the record.

■■ Attorneys for defendant also contend that the cost to defendant of attorney's fees and other costs occasioned by this appeal should be assessed as against the attorney for the plaintiff by reason of the appellate litigation undertaken arising solely from the imposition of the sanction to require payment of the $160 referred to. While this would be an appropriate sanction under the precedent of *Schwartz v. Moats*, 3 Ill. App.3d 596, 277 N.E.2d 529, (1971), it appears that the attorney for plaintiff may have mistakenly assumed that a specific order had to be directed to him before he became obligated to file answers to the interrogatories. Although this is not the required procedure, we assume a good faith effort on the part of attorney for plaintiff to obtain clarification of the applicable law and consequently have determined that no further sanctions should be imposed on attorney for plaintiff other than the sanction imposed in the trial court. The order of the trial court will, therefore, be affirmed.

Order affirmed.

STOUDER, P. J., and STENGEL, J., concur.