(No. 47307

BERNADINE LEIN, Admr., Appellee. v. MARIE PIETRUS-
ZEWSKI *et al.*, Appellants.

*Opinion filed September 26, 1975.*

Heineke & Schrader, of Chicago (Paul H. Heineke, of
counsel), for appellants.

Mirabella, Facktor, Mirabella & Kincaid, of Wheaton
(John B. Kincaid, of counsel), for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion
of the court:

We granted leave to appeal from a judgment of the
Appellate Court, First District, that affirmed a judgment
of $20,000 against defendants who are certain owners of
the tavern premises and an operator of the tavern. (*Lein v.
Pietruszewski*, 24 Ill. App. 3d 784.) The sole issue
presented is whether the amount of the judgment should
be limited to $15,000 which was the amount the jury set
as damages in a related cause of action for wrongful death.
Ill. Rev. Stat. 1969, ch. 70, pars. 1 and 2.

The facts encompassing the fatal stabbing of Wilbert
Lein are sufficiently recounted in the opinion of the
appellate court. Thereafter, plaintiff Bernadine Lein, the

wife of deceased and the administrator of his estate, filed a multicount complaint in the circuit court of Cook County. Only two counts of the complaint are involved in this appeal. Count I was predicated upon section 14 of article VI of the Liquor Control Act, more commonly referred to as the Dramshop Act. (Ill. Rev. Stat. 1969, ch. 43, par. 135.) It sought damages against the operator of the tavern and the owners of the tavern premises. Count II based liability under the Wrongful Death Act against the deceased's assailant, who was not a defendant in · the dramshop action. Pursuant to section 14 of article VI the jury was not instructed that the maximum statutory recovery permitted in the dramshop action was limited to $20,000. The jury returned a verdict in favor of plaintiff in the dramshop action on count I and set damages in the sum of $135,000. The jury found for plaintiff as against the assailant in count II for the wrongful death of Wilbert Lein and set damages in the sum of $15,000. We are advised that the trial court then reduced the dramshop award in count I to $20,000. The deceased's assailant did not appeal the wrongful death judgment entered against him.

Defendants in count I assert that damages for wrongful death encompass recovery for "pecuniary injuries" while, as relevant to this appeal, damages under the Dramshop Act are limited to loss of "means of support.". Defendants note *Hall v. Gillins*, 13 Ill.2d 26, wherein this court stated on page 31, that the term "pecuniary injuries" is to be broadly defined and "Loss of support is of course an element of damages under the [wrongful death] statute." Defendants contend that the element for dramshop damages is included within the elements of damages for wrongful death. Thus they conclude that damages for dramshop injuries can equal but not exceed damages for wrongful death, and they request this court reduce the dramshop judgment to $15,000. Defendants do not claim that multiple judgments arising from Wilbert Lein's death

were improper under the circumstances nor that the rendition of said judgments was tantamount to allowing plaintiff a "double recovery." (See *Dini v. Naiditch*, 20 Ill.2d 406, 426-27; *Haupt v. Golick*, 57 Ill. App. 2d 481, 485-87.) During oral argument of this cause plaintiff's counsel has asserted that attempts to satisfy the wrongful death judgment entered against Lein's assailant have been unsuccessful.

Review of the various appellate court opinions cited by defendants reveals numerous attempts by those subjected to potential liability under the Dramshop Act to preclude or mitigate damages rendered thereunder. Explication of these cases is unnecessary. It is sufficient to note that none of the appellate court decisions concern the precise issue presented in this appeal.

In *Howlett v. Doglio*, 402 Ill. 311, and *Knierim v. Izzo*, 22 Ill.2d 73, this court addressed itself to a comparison of the Wrongful Death Act and Dram Shop Act. In *Doglio* the court at page 317 noted that the purposes and objectives of the statutes were essentially different. We further stated that the statutory enactments "are not only separate and distinct but are based upon different powers of the State. The rights created by the two statutes do not rest upon the same basis." (402 Ill. 311, 319.) These conclusions were reaffirmed in *Izzo* where it was further observed that the bases of liability are not the same in these statutory causes of action. As pertinent to this appeal, we said in *Izzo* "that the nature and amount of damages provided for in the Liquor Control Act are not to be limited [citation] or expanded [citation] by the provisions of the Wrongful Death Act." 22 Ill.2d 73, 79.

As previously noted, the sole issue presented is the limiting of the dramshop judgment to the amount entered for wrongful death. There is no contention that the jury was improperly instructed. Nor does any party suggest that plaintiff will receive a "double recovery" for loss of means

of support if the full satisfaction of the dramshop judgment is obtained.

Even though there may be a common element as to damages, there exist substantial differences between wrongful death and dramshop actions which militate against affording dramshop defendants the opportunity to limit liability by the fortuitous circumstances presented in this case. (*Cf. Wessel v. Carmi Elks Home, Inc.*, 54 Ill.2d 127, 131-32.) We are of the opinion that the appellate court did not err in rejecting defendants' contentions and, accordingly, its judgment will be affirmed.

*Judgment affirmed.*