*In re* ESTATE OF DAVID FADO, Deceased.—(MARINA KAPLUN, Petitioner-Appellant, *v.* JOSEPH J. FADUKOVICH *et al.*, Respondents-Appellees.)

First District (3rd Division)    No. 76-180

Opinion filed November 4, 1976.

Robert J. Krull, of Spitzer, Addis, Susman & Roskin, of Chicago, for appellant.

James W. Wirt, of Meyers & Matthias, of Chicago, for appellees.

Mr. PRESIDING JUSTICE MEJDA delivered the opinion of the court:

Petitioner, Marina Kaplun, filed a petition pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 72) to vacate the order of discharge in the estate of David Fado, deceased, and reopen the estate for purposes of amending the order declaring heirship which was alleged to be based on false and fraudulent testimony of one of the respondents. The petition was dismissed with prejudice pursuant to Supreme Court Rule 219(c). (Ill. Rev. Stat. 1975, ch. 110A, par. 219(c).) Petitioner appeals this dismissal. The sole issue is whether the trial court abused its discretion in dismissing the section 72 petition with prejudice based on petitioner's failure to comply with discovery orders. We reverse and remand with directions. The pertinent facts follow.

On December 11, 1971, David Fado, a resident of Chicago, Illinois, died intestate. On January 19, 1972, Joseph J. Fadukovich testified to decedent's heirship. Pursuant to that testimony an order was entered on January 25, 1972, declaring the only heirs at law of deceased to be the respondents, Mary F. Hart, his niece, and Joseph J. Fadukovich, his nephew. Respondents were appointed co-administrators of the estate. On March 15, 1973, the final account was filed, the estate was closed, and respondents were discharged as co-administrators.

Petitioner, Marina Kaplun, is a resident of the USSR. On January 16, 1975, by her attorneys, she filed a petition pursuant to section 72 to reopen the estate, alleging that testimony given as to the heirship of the decedent was false. Attached to the petition was an affidavit in Russian language, executed in Moscow, USSR, on December 12, 1974, by the petitioner's two sons in the presence of the American consul in Moscow, together with a sworn translation by a New York resident into the English counterparts. The affidavit set forth that affiants are the nephews of the decedent and that petitioner is 85 years of age and in bad health; it further purported to trace the marriage of their maternal grandparents and their lineal issue which included petitioner, decedent, and a brother of the decedent who had died unmarried and without children. The affidavit incorporated attached photographs and correspondence to show identification with the decedent, and expressly averred that respondents were not related although their deceased father bore the same surname and had been a fellow-villager; further, that respondents knew that petitioner and her

children resided in the USSR, which they concealed from the court; and that petitioner and her two sons and two daughters, all residing in the USSR, are the only relatives and heirs of the decedent.

On February 18, 1975, respondents filed an answer which on information and belief denied that the testimony given as to the heirship was false, and denied the other material allegations. Respondents therein denied that respondent Mary Hart wrote the letter attached to the petition, dated October 7, 1973, and addressed to the petitioner "and family" advising that the decedent died on "December 11" as a result of being struck by an automobile; respondents admitted, however, that the letter was written instead by her husband. A hearing was set for March 18, 1975 and then continued to June 18, 1975.

On May 14, 1975, respondents served petitioner's attorneys with a request to admit facts and genuineness of documents and to produce documents. On May 19, 1975, respondents served interrogatories directed to the petitioner. On June 18, 1975, the date set for hearing, the matter was continued until September 16, 1975.

On September 9, 1975, pursuant to Supreme Court Rule 219(c), respondents filed a motion to dismiss the petition with prejudice. The motion alleged: (1) that the attorneys had stipulated that the time for producing the documents and the time for answering interrogatories be extended to July 21, 1975; (2) that on July 21, 1975, the discovery requests still remained unanswered; (3) that thereafter, on three separate occasions respondents' attorney communicated with petitioner's attorney and was advised that compliance with discovery requests would be made within a short time; (4) that on August 15, 1975, respondents' attorney requested that the documents be produced and interrogatories answered no later than August 21, 1975; (5) that as of August 28, 1975, petitioner had still not complied with the requested discovery and that upon inquiry on that date, petitioner's attorneys stated that they had not yet received the documents or answers to interrogatories from petitioner in Russia. The court then entered an order directing petitioner to answer the interrogatories and to produce the requested documents on or before September 30, 1975, and further continued to the same date the hearing on respondents' motion to dismiss.

On September 16, 1975, the trial date was continued to November 10, 1975. On September 30, 1975, the petitioner had failed to comply with the order of September 9 and the court entered an order dismissing the petition with prejudice.

On October 30, 1975, petitioner's counsel filed a motion to vacate the order of dismissal entered on September 30. The motion stated that petitioner had made and was continuing to make a diligent effort to comply with the spirit of the discovery procedure as well as the basic

statutory provisions, listed certain requested documents then in possession of her attorneys available for inspection and copying, and stated that diligent efforts to obtain other documentation for production as available were being continued. Attached to the motion was a letter dated August 28, 1975, from petitioner's New York counsel describing the general delays experienced in obtaining authenticated documents through channels from the USSR. The motion further admitted failure to file answers to respondents' interrogatories, alleging petitioner's age, illiteracy, poor health and inability to travel as an excuse for such failure. It reiterated that petitioner would answer the interrogatories as soon as possible and requested further time to comply. The court entered an order denying the motion to vacate.

On November 12, 1975, a motion to reconsider the order of October 30 was filed setting forth that on November 7 counsel for petitioner had received additional documents consisting of 29 various birth and marriage certificates from the USSR which they were prepared to produce for inspection and copying. The motion requested that the dismissal be vacated, that further time to respond to discovery be granted, or in the alternative, that the order of dismissal be modified to be without prejudice. The motion was denied. On November 25, 1975, petitioner filed her notice of appeal.

■■ An unreasonable failure of a party to comply with the rules and orders of discovery may result in the imposition of sanctions by the trial court. (*Garofalo v. General Motors Corp.* (1968), 103 Ill. App. 2d 389, 243 N.E.2d 691.) Supreme Court Rule 219(c) provides a non-exclusive list of sanctions for noncompliance, ranging from a mere stay in proceedings to dismissal of the offending party's cause of action. The imposition of such sanctions is a matter which rests largely within the discretion of the trial court, and it will not be disturbed on review absent evidence of abuse of discretion. (*Serpe v. Yellow Cab Co.* (1973), 10 Ill. App. 3d 1, 293 N.E.2d 742; *Hearst v. City of Chicago* (1973), 9 Ill. App. 3d 1085, 293 N.E.2d 738.) Therefore, the issue before this court is whether the sanction of dismissal in the instant case constituted such an abuse of discretion, and if not, whether it was error for the court to refuse to vacate its dismissal order in the subsequent hearings of October 30 and November 12, 1975.

■■ In determining which orders or sanctions to impose under Rule 219(c), if any, the court must seek not to impose punishment, but rather to accomplish the objects of discovery. (*Savitch v. Allman* (1975), 25 Ill. App. 3d 864, 323 N.E.2d 435; *Gillespie v. Norfolk & Western Ry.* (1968), 103 Ill. App. 2d 449, 243 N.E.2d 27.) Sanctions are to be imposed only when the noncompliance is unreasonable, and the order entered must be just. (*612 North Michigan Avenue Building Corp. v. Factsystem, Inc.* (1975), 34 Ill. App. 3d 922, 340 N.E.2d 678; *Serpe v. Yellow Cab Co.*

(1973), 10 Ill. App. 3d 1, 293 N.E.2d 742.) A just order is one which, to the degree possible, insures both discovery and trial on the merits. (*Serpe v. Yellow Cab Co.*) For these reasons, courts are reluctant to impose the sanction of dismissal. It is a drastic punishment and should not be invoked except in those cases where the actions of the party show a deliberate and contumacious disregard of the court's authority. *Conover v. Smith* (1974), 20 Ill. App. 3d 258, 314 N.E.2d 638; *Schwartz v. Moats* (1971), 3 Ill. App. 3d 596, 277 N.E.2d 529; *Booth v. Sutton* (1968), 100 Ill. App. 2d 410, 241 N.E.2d 488.

■■ The order of dismissal in the instant case was entered on September 30, 1975. There is no record before this court of the proceedings had on that date other than the order. It does recite that it was entered "after argument and the court being advised in the premises." It has been held that where the record on review does not contain a report of the proceedings and where the order appealed from recites that the court is fully advised in the premises, the reviewing court must presume that the trial court acted in conformity to law and had before it sufficient facts to support its order. (*Smith v. Pappas* (1969), 112 Ill. App. 2d 129, 251 N.E.2d 390; *Boyle v. Veterans Hauling Line* (1961), 29 Ill. App. 2d 235, 172 N.E.2d 512.) Respondents argue that the application of this presumption in the instant case constitutes affirmative proof that there was no abuse of discretion on the part of the trial court. We disagree.

The presumption relied upon by respondents may be lost if there are indications in the rest of the record that the court did not have adequate evidence before it to justify its order. (*Cf. Smith v. Smith* (1962), 36 Ill. App. 2d 55, 183 N.E.2d 559.) In this case, while it is not disputed that the court's discovery order had not been complied with, we find on the record before us that petitioner's noncompliance did not amount to the "contumacious disregard of the court's authority" which would warrant a dismissal.

The fact that petitioner was a citizen of the USSR, aged, in poor health, and incapable of expeditious travel to execute documents was established by the affidavit accompanying the petition. Also, the necessity for the execution of documents, the translation of all communications to and from the Russian language, and the routing of documents to and from Russia through petitioner's New York counsel were set forth in the documents contained in the record prior to September 30, 1975. The court had respondents' discovery requests before it and information that compliance would entail considerable effort and involved procedures, especially in view of petitioner's age, health and residence. The interrogatories alone consisted of six pages containing 55 questions calling for petitioner to render extensive answers dealing with life and family

histories, location of documents and records, and numerous other names, dates, and addresses of purported significance. Under such circumstances the delay of six months to comply does not appear to be a purposeful flouting of the court's authority. Neither does respondents' motion to dismiss, upon which the September 30 order was based, establish a disregard for discovery which would justify dismissal. The facts recited therein do not support respondents' conclusion that petitioner had "refused" to comply with their discovery requests.

Respondents argue that the record discloses no attempt by petitioner to excuse or justify noncompliance at the September 30 hearing, and that therefore, a deliberate and unwarranted disregard of the discovery rules and order of the court is evident. The purpose of sanctions is to insure compliance with the court's order and not to punish the opposing party. The trial court must examine the record to be able to enter an order which is justified under our objective of encouraging discovery and a determination on the merits and discouraging dismissals which do not reach the merits.

Similar reasoning leads us to reject respondents' claim that dismissal can be presumed to have been appropriate in this case since petitioner failed to fulfill her burden of establishing by affidavit or otherwise that her failure to comply with the discovery rules was warranted by extenuating circumstances or events. (*Savitch v. Allman* (1975), 25 Ill. App. 3d 864, 323 N.E.2d 435; *Bender v. Pfotenhauer* (1974), 21 Ill. App. 3d 127, 315 N.E.2d 137; *Schwartz v. Moats* (1971), 3 Ill. App. 3d 596, 277 N.E.2d 529.) While we would strongly recommend the practice of filing a sworn affidavit in responding to such motions to impose sanctions under Rule 219(c), the unique circumstances surrounding the instant case—with petitioner in the USSR—adequately establish extenuating circumstances for noncompliance.

Respondents contend that the September 30 order could not amount to an abuse of discretion since the trial court indicated at that time it would vacate the dismissal if petitioner produced the documents and answered the interrogatories within another 30 days. However, there is no record before this court of such a condition applicable to the order of dismissal other than the statements of respondents' own attorney in two instances during the October 30 proceedings. Additionally, in neither instance did the court acknowledge or disavow such a condition. Also, it is clear that even if such a condition existed, the petitioner could not comply for the reasons contained in the October 30 motion to vacate. Respondents argue that since the motion to vacate was unverified, as was the November 12 motion to reconsider, it was legally insufficient to set forth facts which would justify reversal of its previous order of dismissal. We need not reach this issue inasmuch as the facts of record on September 30,

when the order of dismissal was entered, are determinative.

■■ Under the facts and circumstances of record, we hold that the order entered September 30, 1975, dismissing with prejudice petitioner's section 72 petition for failure to comply with discovery orders, was an abuse of discretion. We feel compelled to note, however, that under more ordinary circumstances a 6-month delay in discovery compliance could indeed justify the sanction of dismissal. (See *Schwartz v. Moats* (1971), 3 Ill. App. 3d 596, 277 N.E.2d 529.) For like reasons, it was error to refuse to vacate the dismissal in the subsequent orders of October 30 and November 12, 1975. Petitioner is not entitled to an unlimited time to comply with respondents' discovery requests. This would frustrate the purposes of discovery and work to respondents' disadvantage. While recognizing petitioner's unique position, we are of the opinion that sufficient time has elapsed during the pendency of this appeal so that full compliance should be almost perfunctory in nature.

Accordingly, the order of dismissal entered September 30, 1975 is reversed and the cause remanded to the Circuit Court of Cook County with directions to allow discovery to be completed within 45 days from the filing of the mandate, with full discretion to dismiss the petition or impose other sanctions upon noncompliance, and for further proceedings not inconsistent with this opinion.

Reversed and remanded with directions.

McNAMARA and McGLOON, JJ., concur.