JOAQUIN SANCHEZ *et al.*, Plaintiffs-Appellees, *v.* NORBERT R. PHILLIPS *et al.*, Defendants-Appellants.

First District (2nd Division)    No. 76-345

Opinion filed February 22, 1977.

Noel Johnson, of Chicago, for appellants.

Ronald Kirk Goulding, of Chicago, for appellees.

Mr. PRESIDING JUSTICE DOWNING delivered the opinion of the court:

Joaquin Sanchez and Abel Espinoza (plaintiffs) instituted this action against Norbert R. Phillips, Janice Phillips, and Claudia Phillips (defendants) to recover damages for personal injuries suffered by plaintiffs when they fell from defendants' building. After bringing suit, plaintiffs filed notices for the depositions of defendants on May 8, 1974,

calling for their depositions on August 20, 1974. Interrogatories were filed on August 12, 1974. Defendants failed to appear for deposition on August 20, and thereafter failed to appear each time the depositions were rescheduled. Defendants neither appeared for depositions, nor answered interrogatories.

On June 26, 1975, plaintiffs sent a notice of motion to defense counsel informing her that on July 3, 1975, plaintiffs would move to strike defendants' answer for failure to appear for depositions and failure to answer interrogatories. Counsel for defendants did not appear at the hearing on the motion. In her absence the trial court[1] entered an order striking defendants' answer and holding them in default. Further, judgment was entered against defendants on the issue of liability only, and the matter was transferred by the motion judge for assignment to prove-up on the issue of damages. Defendants made no later objection to the order, offered no excuses for their failure to provide discovery, and took no subsequent action in respect to the order.

The bench trial on the issue of damages commenced before the Honorable George Fiedler on September 30, 1975. On October 1, 1975, defendants moved to vacate the order of the motion judge entered on July 3, 1975. The motion was denied and after both sides rested, the trial court entered judgments in favor of plaintiffs. Defendants now appeal, questioning the propriety of the sanctions ordered by the motion judge.

## I.

■■ Initially, plaintiffs contend that defendants may not now raise for our review objections to the order of the motion judge. We disagree. Defendants' notice of appeal states their intention to prosecute an appeal from an order denying their motion for a new trial. Within the motion for a new trial, defendants urged as error the court's refusal to vacate the prior order of the motion judge. Where the trial court has passed upon a matter, the reviewing court is authorized to consider it also. (See *Lein v. Pietruszewski* (1st Dist. 1974), 24 Ill. App. 3d 784, 787, 321 N.E.2d 442, *aff'd* (1975), 61 Ill. 2d 350, 335 N.E.2d 772; *Trisko v. Vignola Furniture Co.* (1st Dist. 1973), 12 Ill. App. 3d 1030, 1034, 299 N.E.2d 421.) We will, therefore, examine the order of the motion judge, but only in light of the parties' actions which caused it to be entered.

## II.

■■ The resolution of the case at bar turns on the duties which attorneys owe to their clients, opposing counsel, and the legal system. Following long delays, plaintiffs sent defendants a notice of motion

---

[1] The July 3, 1975, motion was heard by the motion judge of the law division, the Honorable Mel Jiganti.

informing them that plaintiffs intended to move for an order striking defendants' answer and holding them in default. However, the notice of motion did not indicate that plaintiffs intended to seek judgment on the issue of liability. The attorney for plaintiffs owed a duty to defense counsel and her clients to fully inform them of the drastic action they were planning to take as a result of defendants' continued evasion of discovery. Once the order was entered, the attorney for plaintiffs had the further duty to inform the opposition of the order and its content, particularly since defense counsel was absent at the time the order was entered. Although plaintiffs and defendants disagree whether notice of the order was sent to defendants, the record is silent. We believe that plaintiffs' attorney had a duty to send defense counsel a copy of the order and to provide an affidavit or other support confirming that such copy was sent.

■■ Defendants urge that when plaintiffs moved to strike defendants' answer for failure to cooperate with discovery, plaintiffs were under a duty to "incorporate a statement that after personal consultation and reasonable attempts to resolve differences the parties have been unable to reach an accord." (Ill. Rev. Stat. 1975, ch. 110A, par. 201(k).)[2] Although the rule is clear, we think that, under the facts of this case, plaintiffs' failure to do so was harmless. In *Urmoneit v. Purves* (2nd Dist. 1975), 33 Ill. App. 3d 939, 942, 338 N.E.2d 423, the court commented that the recently enacted rule was " 'designed to curtail undue delay in the administration of justice and to discourage motions of a routine nature.' " (*Urmoneit*, at 942; see also Committee Comments to Supreme Court Rule 201(k).) The *Urmoneit* court noted that a motion to dismiss for refusal to comply with discovery was not a routine motion. In the instant case, plaintiffs' motion to hold defendants in default for their refusal to comply with discovery was also far from routine. We believe that defendants did, indeed, have a duty to comply with the requirements of Supreme Court Rule 201(k), but under the facts and circumstances of this case, failure to do so and the resultant error were harmless.

Defendants' refusal to cooperate with discovery precipitated the court's order. Although defense counsel maintains that she received no notice that plaintiffs intended to move for judgment on the question of liability, she admits that she received notice of their intention to strike her clients' answer and hold defendants in default. The attorney appeared in the courtroom earlier but left before the motion was heard. She had a

---

[2] Supreme Court Rule 201(k) (Ill. Rev. Stat. 1975, ch. 110A, par. 201(k)) reads:
"Every motion with respect to discovery shall incorporate a statement that after personal consultation and reasonable attempts to resolve differences the parties have been unable to reach an accord. The court may order that reasonable costs, including attorneys' fees, be assessed against a party or his attorney who unreasonably fails to facilitate discovery under this provision.

duty to attend the hearing, especially when she must have known that the entry of judgment was at least a possible sanction authorized by Supreme Court Rule 219(c)(vi). Ill. Rev. Stat. 1973, ch. 110A, par. 219(c)(vi).

As the Code of Professional Responsibility declares in DR 6-101(A)(3), "A lawyer shall not * * * [n]eglect a legal matter entrusted to him." Yet here defendants' attorney failed to attend the hearing and then compounded that failure by making no effort to follow up on the resolution of the motion. At the very least, however, she should have returned to the motion judge, objected to the default, and attempted to vacate the judgment. In our adversary system an attorney has a duty to zealously represent a client in accord with the code of professional ethics. *People v. Dread* (1st Dist. 1975), 27 Ill. App. 2d 106, 112, 327 N.E.2d 175, 179; Canon 7 of the Code of Professional Responsibility.

### III.

■■ The record in this case clearly demonstrates that the motion judge did not abuse his discretion in ordering sanctions against defendants. If an offending party has unreasonably refused to comply with the rules of discovery, the court may enter any of the orders enumerated in Supreme Court Rule 219(c), including an order "that any portion of his pleadings relating to that issue be stricken and, if thereby made appropriate, judgment be entered as to that issue." (Ill. Rev. Stat. 1973, ch. 110A, par. 219(c)(vi); *cf. Bower v. Chicago Transit Authority* (1st Dist. 1972), 4 Ill. App. 3d 1021, 283 N.E.2d 250.) Where such an order recites that the court is fully advised in the premises, it is presumed that the court received adequate information to support the decision rendered. (*Skaggs v. Junis* (1963), 28 Ill. 2d 199, 201-02, 190 N.E.2d 731; *Dorbin v. Yellow Cab Co.* (1st Dist. 1973), 14 Ill. App. 3d 586, 588, 302 N.E.2d 633.) The burden is then on the offending party to establish by affidavit or otherwise that his failure to comply with discovery rules was justified by extenuating circumstances. *Savitch v. Allman* (3rd Dist. 1975), 25 Ill. App. 3d 864, 869, 323 N.E.2d 435; *Schwartz v. Moats* (4th Dist. 1971), 3 Ill. App. 3d 596, 599, 277 N.E.2d 529.

■■ Sanctions under Rule 219(c) are to be imposed only when the noncompliance is unreasonable and the order entered is just. (*In re Estate of Fado* (1st Dist. 1976), 43 Ill. App. 3d 759, 762, 357 N.E.2d 195; *Mason v. Village of Bellwood* (2nd Dist. 1976), 37 Ill. App. 3d 543, 546, 346 N.E.2d 175; *612 North Michigan Avenue Building Corp. v. Factsystem, Inc.* (1st Dist. 1975), 34 Ill. App. 3d 922, 926, 340 N.E.2d 678.) In determining whether the noncompliance is unreasonable, the standard is whether the offending party's conduct is characterized by a deliberate and pronounced disregard for the rules and the court. (*Serpe v. Yellow Cab Co.* (1st Dist. 1973), 10 Ill. App. 3d 1, 5, 293 N.E.2d 742.) The particular

sanction imposed rests largely within the broad discretion of the court and the exercise of such discretion will not be disturbed unless an abuse is apparent. *Anderson v. City of Chicago* (1st Dist. 1975), 29 Ill. App. 3d 971, 976, 331 N.E.2d 243; *Trippel v. Lott* (1st Dist. 1974), 19 Ill. App. 3d 936, 941, 312 N.E.2d 369; *Hearst v. City of Chicago* (1st Dist. 1973), 9 Ill. App. 3d 1085, 1088-89, 293 N.E.2d 738.

■■ Although courts are reluctant to impose the sanctions of dismissal or, as in this case, the entry of judgment, such drastic action is authorized where the conduct of the offending party shows a contumacious disregard of the court's power. (*Conover v. Smith* (3rd Dist. 1974), 20 Ill. App. 3d 258, 260, 314 N.E.2d 638.) Further, the legislature has authorized the striking of defenses and the entry of judgments for the violation of discovery rules (Ill. Rev. Stat. 1973, ch. 110, par. 3; *Day v. Schoreck* (1st Dist. 1975), 31 Ill. App. 3d 851, 853, 334 N.E.2d 864); the withholding of discovery may be sufficient to establish liability (*People ex rel. General Motors Corp. v. Bua* (1967), 37 Ill. 2d 180, 226 N.E.2d 6).

■■ A review of these rules leads us to the inescapable conclusion that the motion judge in the case at bar did not abuse his discretion in striking defendants' answer, holding them in default, and entering judgment against them on the issue of liability. We must assume that the court received sufficient information regarding defendants' unwarranted refusal to comply with discovery; and defendants offered nothing to vitiate their lack of cooperation. In the course of oral argument, defendants' attorney claimed that she was engaged in settling the case. Yet there is nothing in the record which supports this claim. Since defendants wholly failed to provide any discovery whatsoever, the court properly imposed the drastic sanction of Supreme Court Rule 219(c)(vi). Once defendants' answer was stricken, the court proceeded as if there were no answer on file and entered judgment. Under our system of representative litigation, the general rule is that the client is bound by the acts and omissions of his lawyer-agent. *Bender v. Pfotenhauer* (3rd Dist. 1974), 21 Ill. App. 3d 127, 130, 315 N.E.2d 137; *Danforth v. Checker Taxi Co., Inc.* (1st Dist. 1969), 114 Ill. App. 2d 471, 476, 253 N.E.2d 114.

Thus, on the basis of the record before us, we cannot say that there has been an abuse of discretion in view of defendants' complete failure to comply with the discovery rules. The order of the circuit court of Cook County is, therefore, affirmed.

Affirmed.

STAMOS and PERLIN, JJ., concur.