2021 IL App (1st) 192095-U

THIRD DIVISION
January 20, 2021

No. 1-19-2095

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| ROSEMARY LUGO, | ) | Appeal from |
| | ) | the Circuit Court |
| Plaintiff-Appellee, | ) | of Cook County |
| | ) | |
| v. | ) | 2019-M1-706771 |
| | ) | |
| EDUARDO PEREZ a/k/a EDDIE PEREZ, | ) | Honorable |
| | ) | James A. Wright, |
| Defendant-Appellant | ) | Judge Presiding |

JUSTICE McBRIDE delivered the judgment of the court.
Presiding Justice Howse and Justice Burke concurred in the judgment.

O R D E R

¶ 1   *Held*: Where record on appeal was inadequate to determine whether the trial court abused its discretion in denying a post-judgment motion, the ruling was affirmed.

¶ 2   Rosemary Lugo's former tenant, Eduardo Perez, appeals from a trial court order denying his motion to vacate an eviction judgment. Perez contends the court failed to apply any of the factors relevant to a motion to vacate that is filed within 30 days of a judgment order.

¶ 3   We have compiled the following facts primarily from Lugo's verified complaint and various affidavits she filed in the trial court. Perez became a resident of Lugo's building at 2629 West Evergreen Avenue in Chicago shortly after she bought the 2-flat with a basement apartment

in Humboldt Park in 2000. After owning the property for almost 19 years, Lugo decided to sell. She filed suit May 1, 2019, seeking possession from Perez as a holdover tenant of the first floor apartment and her court costs. A trial was scheduled for July 16, 2019; however, the parties reached a settlement in which Perez, who was acting *pro se* at the time, would pay $6000 for his use and occupancy through July 31, 2019; pay $1500 per month thereafter; and obtain a property appraisal. The matter was continued for a settlement status hearing on July 30, 2019. An order entered on July 30, 2019, indicates that Perez had paid the $6000, but had not obtained the real estate appraisal and would use his best efforts to deliver the appraisal to Lugo by August 10, 2019. The matter was continued for settlement status on August 12, 2019. Perez did not appear on August 12, 2019, Lugo's attorney told the court that the parties were not settling, and a trial was scheduled for September 5, 2019. When Perez did not appear for trial on September 5, 2019, the court entered a default judgment requiring Perez to vacate by September 12, 2019 and pay Lugo's $401.51 court costs.

¶ 4    Perez retained an attorney who filed a motion to vacate on September 23, 2019, contending in part that Perez was not a tenant, but a co-owner, of the property "through a constructive trust," so the trial never should have been conducted. Perez contended that although the property title was in Lugo's name, he made the down payment in 2000 and he makes the mortgage payments. Therefore, either the eviction action should be dismissed or the case should be reassigned from the circuit court's Municipal division to its Chancery division "for a partition and not an eviction."

¶ 5    Lugo responded that the parties had dated from about 1995 to 2001. Her written response included a form document entitled "GIFT LETTER" that Perez completed and executed on September 14, 2000, stating:

"I, Eddie Perez, of 2443 S. Albany, Chgo, [*(sic)*] IL, ***, fiancé [of] Rosemary Lugo, will give (or have given) *** her a gift of $10,600. This is a *bona fide* gift and there is no obligation, express or implied, to repay this sum at any time.

These funds are available and will be given (or have been given) to Rosemary Lugo in time to close the mortgage transaction on the purchase of *** her home."

¶ 6 Lugo's affidavit and a warranty deed indicate that she alone purchased the subject property on October 9, 2000, she continues to be the sole owner, and she makes the mortgage payments.

¶ 7 Although Perez's new attorney had given notice that the motion to vacate would be heard on October 7, 2019, neither the attorney nor the client appeared in court as scheduled and the court entered and continued the motion until October 10, 2019. On October 10, 2019, the court denied Perez's motion to vacate, finding that Perez had shown neither a meritorious defense nor the existence of a constructive trust. This appeal followed. (In the appellate court, Perez requested a stay of the eviction order, but before the motion could be heard, he was evicted from the property on October 24, 2019.)

¶ 8 The ruling at issue is reviewed for an abuse of discretion. *Draper & Kramer, Inc. v. King*, 2014 IL App (1st) 132073, ¶ 26, 24 N.E.3d 851. Perez contends that in an abuse of discretion, the trial court "failed to consider <u>any</u> of the 5 required factors" relevant to his section 2-1301(e) post-judgment motion. (Emphasis in original.) 735 ILCS 5/2-1301(e) (West 2016). He seeks a reversal and remand.

¶ 9 However, the record tendered for review is insufficient to determine why the court ruled as it did. It is the appellant's burden to provide a sufficient record for the reviewing court to assess the circuit court proceedings. *Webster v. Hartman,* 195 Ill. 2d 426, 431, 749 N.E.2d 958, 962

(2001) (quoting *Foutch v. O'Bryant,* 99 Ill. 2d 389, 391-92, 459 N.E.2d 958, 959 (1984)). Rule 321 states that "[t]he record on appeal shall also include any report of proceedings or bystander's report prepared in accordance with Rule 323." Ill. S. Ct. R. 321 (eff. Feb. 1, 1994). Rule 323(a) requires the report of proceedings to "include all the evidence pertinent to the issues on appeal." Ill. S. Ct. R. 323(a) (eff. Sept. 23, 1996).

¶ 10    Rule 323(c) then provides, "[i]f no verbatim transcript of the evidence of proceedings is obtainable the appellant may prepare a proposed report of proceedings from the best available sources, including recollection." Ill. S. Ct. R. 323(c) (eff. Sept. 23, 1996). The appellant must then serve the proposed report on all parties within 28 days of the filing of the notice of appeal. Ill. S. Ct. R. 323(c) (eff. Sept. 23, 1996). Any other party may propose amendments or an alternative report of proceedings. Ill. S. Ct. R. 323(c) (eff. Sept. 23, 1996). The appellant must then present the proposed report or reports to the circuit court "for settlement and approval." Ill. S. Ct. R. 323(c) (eff. Sept. 23, 1996). Alternatively, an agreed statement of facts filed by the appellant is authorized by Rule 323(d) (eff. Sept. 23, 1996). The rules of appellate practice are requirements, not mere guidelines. *Northwestern Memorial Hospital v. Sharif*, 2014 IL App (1st) 133008, ¶ 20, 22 N.E.3d 1217.

¶ 11    The records of this appellate court indicate that on December 11, 2019, approximately two months after initiating this appeal, Perez filed a motion for the trial court to approve Perez's proposed Rule 323(c) bystander's reports of the hearings conducted on September 5, 2019 and October 10, 2019. The trial court gave Lugo an opportunity to file a response, and then heard the parties' arguments on January 7, 2020. At the conclusion of the hearing, the trial court denied Perez's motion, stating in part that his proposed report "was not timely filed or served within 28

days as required by Rule 323(c)." Thus, there is no transcript of the hearing or one of the alternatives to a verbatim transcript in the record that Perez tendered for our review.

¶ 12     The written order denying Perez's motion to vacate the judgment indicates the trial court found that Perez "has made no showing of a meritorious defense & no showing that a constructive trust exists." This is the full extent of the court's statement. "As there is no transcript of the hearing on the motion to vacate here [or one of the alternatives provided in Rule 323], there is no basis for holding that the trial court abused its discretion in denying the motion." *Foutch,* 99 Ill.2d at 392, 459 N.E.2d at 960. In these circumstances, we are to presume that the ruling conformed with the law and evidence. *Foutch*, 99 Ill. 2d at 393, 459 N.E.2d at 960; *Schwartz v. Moats*, 3 Ill. App. 3d 596, 598, 277 N.E.2d 529, 530-31 (1971) ("Without a report of proceedings showing what in fact did occur prior to the entry of the order we can only assume that what did occur was sufficient to support the order."). Accordingly, we affirm the denial of Perez's motion to vacate the judgment.

¶ 13     This conclusion moots a motion that was taken with the case in which Lugo asks us to strike sections I, II, and VIII of Perez's brief. Lugo's motion is stricken as moot.

¶ 14     Affirmed; motion taken with the case stricken.